

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 15830969
Date Processed: 11/04/2016

| | |
|---|---|
| **Primary Contact:** | Jacalyn Peter<br>Frontier Airlines, Inc.<br>Frontier Center One<br>7001 Tower Road<br>Denver, CO 80249-7312 |
| **Electronic copy provided to:** | Howard Diamond<br>Shannon Muir |
| **Entity:** | Frontier Airlines, Inc.<br>Entity ID Number 0485700 |
| **Entity Served:** | Frontier Airlines, Inc. |
| **Title of Action:** | Maxine White vs. Frontier Airlines, Inc. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Travis County District Court, Texas |
| **Case/Reference No:** | D-I-GN-16-005470 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/03/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Joel A. Levine<br>512-982-1510 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT 2

CITATION
THE STATE OF TEXAS
CAUSE NO. D-1-GN-16-005470

MAXINE WHITE , Plaintiff

 vs.

FRONTIER AIRLINES, INC. , Defendant

TO: FRONTIER AIRLINES, INC.
BY DELIVERY TO ITS REGISTERED AGENT,
THE PRENTICE HALL CORPORATION
211 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on NOVEMBER 2, 2016 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 03, 2016.

REQUESTED BY:
JOEL A. LEVINE
5407 PARKCREST DRIVE, SUITE 300
AUSTIN, TX 78731
BUSINESS PHONE:(512)982-1510   FAX:(512)367-5928

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: CARRISA ESCALANTE

-- -- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- -- --

Came to hand on the __3__ day of __Nov.__, __2016__ at __11:03__ o'clock __A__ M., and executed at _____ within the County of _____ on the __3__ day of __Nov.__, __2016__, at _____ o'clock ____ M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-16-005470                SERVICE FEE NOT PAID                P01 - 000046073
☐ Original      ☐ Service Copy

11/2/2016 5:43:59 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005470
Carrisa Escalante

CAUSE NO. D-1-GN-16-005470

| | | |
|---|---|---|
| MAXINE WHITE | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 53RD JUDICIAL DISTRICT |
| | § | |
| FRONTIER AIRLINES, INC. | § | |
| | § | |
| *Defendants.* | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MAXINE WHITE, in the above styled cause and files this, her Plaintiff's Original Petition and Request for Disclosure complaining of FRONTIER AIRLINES ("Frontier") and shows the following:

#### I. DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rules of Civil Procedure Rule 190.4, Plaintiff requests that discovery be conducted in accordance with Discovery Control Plan Level 3.

#### II. PARTIES

2. Plaintiff is a resident of Travis County, Texas.

3. Defendant Frontier Airlines is a business who may be served with citation by serving its registered agent The Prentice Hall Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

#### III. VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction because the amount in controversy

exceeds the minimum jurisdictional limits of the court. This Court has personal jurisdiction over Defendant because Defendant conducts business in this state. Venue is proper in Travis County, Texas because all of the events giving rise to Plaintiff's claims occurred in Travis County, Texas.

## IV. FACTS

5. On June 10, 2015, Plaintiff arrived at Austin-Bergstrom International Airport for a flight to Denver, Colorado on a plane owned and operated by Frontier Airlines.

6. Upon arrival at the check-in counter, Plaintiff advised Defendant's staff of her disability, a pre-existing back injury, nerve damage, and other health issues which require the use of a wheel chair.

7. During the boarding process, Defendant's staff advised passengers that a gate was unavailable for boarding and transported passengers by bus to the tarmac for boarding.

8. When Plaintiff arrived at the plane on the tarmac, there was no handicap ramp as required by the Americans with Disabilities Act ("ADA").

9. Defendant's staff members instructed Plaintiff to climb a narrow stairway comprised of a set of sixteen stairs to board the plane. Plaintiff was physically unable to climb the stairs to board the plane.

10. After several failed attempts to figure out a way for Plaintiff to board the plane, Plaintiff was loaded into a "rescue chair" and carried up the stairs despite expressing concern for her safety.

11. Due to the haphazard and uneven nature used to carry Plaintiff and lift her up the stairs for boarding, Plaintiff suffered severe physical injuries as well as mental and physical trauma resulting in damages to Plaintiff.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
WHITE V. FRONTIER AIRLINES, INC.

PAGE 2 OF 7

12. Following the incident, Plaintiff submitted a complaint to Defendant to address the unsafe boarding procedure employed by Frontier staff. Defendant responded to Plaintiff, and by their own admission, had violated state and federal law having failed in their duty to Plaintiff, a passenger with a disability, to provide proper assistance with boarding and ensure compliance with the law and their own procedures to safeguard the safety and dignity of passengers.

13. Had Defendant, by and through its agents, representatives, employees and staff, complied with the law and followed proper procedures to assist passengers with disabilities, Plaintiff would not have sustained the injuries and damages described above.

## V.   CAUSES OF ACTION

A.   NEGLIGENCE

14. Plaintiff incorporates, by reference, the allegations set out above into each cause of action below:

15. On the occasion in question, Defendant had a duty to exercise the degree of care and caution which would have been exercised by a person using ordinary care and would use to avoid harm to others under circumstances similar those described herein.

16. Defendants breached the duty of care they owed to Plaintiff by failing to provide or ensure a safe boarding process.

17. Defendant breached the duty of care they owed to Plaintiff by failing to provide or ensure the provision of assistance requested by or on behalf of passengers with a disability.

18. Defendant breached the duty of care they owed to Plaintiff by failing to provide a safe boarding process and by negligently using a "rescue chair" to carry Plaintiff up a narrow set of stairs. A reasonable person could foresee that the method of boarding Plaintiff was unsafe, and

undignified, and carried the potential to cause greater harm to someone with a back injury and nerve damage.

19. Each and all of the foregoing acts of negligence were a proximate cause of the occurrence made the basis of this suit, and all of the damages and injuries sustained by Plaintiff.

20. Plaintiff specifically pleads that nothing she did contributed to her injuries

B. **NEGLIGENT TRAINING & SUPERVISION**

21. Defendant Frontier was negligent in failing to properly train and supervise its agents, representatives, employees, staff, and other personnel working and present at the time incident occurred.

22. Defendant did not use ordinary care in training and supervising its employees to follow procedures in compliance with the law which safeguard Defendant's health, specifically, passengers with disabilities, creating a risk of harm to the public.

23. Such negligence was the proximate cause of the incident described in this petition and caused personal injury and damages to Plaintiff.

C. **VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

24. At the time of the incident, agents, representatives, employees, staff, and other personnel were acting on behalf of Defendant Frontier in furtherance of Frontier's business interests. Accordingly, Defendant Frontier is liable to Plaintiff for all of the damages herein under the principals of *respondeat superior*.

D. **INFLICTION OF BODILIY INJURY**

25. Defendant Frontier boarded Plaintiff in an unsafe manner despite Plaintiff expressing concern for her safety when they strapped her in a chair, failed to safeguard her health, and unsteadily and recklessly carried her up the stairs causing trauma and bodily injury.

26. Defendant Frontier's breach of duty proximately caused personal injury and damages to Plaintiff.

## VI. DAMAGES

27. Plaintiff incorporates the preceding paragraphs as if set forth herein.

28. The negligent conduct of the Defendant proximately caused injuries and damages to Plaintiff in excess of the minimum jurisdictional limits of this Honorable Court.

29. Pursuant to Texas Rules of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest if applicable.

30. These damages include, but are not limited to:

   a. Medical, hospital, rehabilitative and pharmaceutical charges and expenses in the past and in reasonable medical probability, will be incurred in the future;

   b. Pain and suffering in the past and in reasonable probability, will be suffered in the future;

   c. Mental anguish suffered in the past and in reasonable probability, will be suffered in the future;

   d. Disability and impairment in the past and in reasonable probability, will occur in the future;

   e. Disfigurement in the past and in reasonable probability, will be suffered in the future; and

   f. Lower quality of life in the past and in reasonable probability, will be suffered in the future.

31. <u>Exemplary Damages.</u> Plaintiff's injuries resulted from Defendant Frontier's gross negligence, which entitled Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a)

32. Plaintiff respectfully reserves the right to amend this pleading and plead for damages as may be appropriate at the time of the trial.

## VII.  CONDITIONS PRECEDENT

33.  Plaintiff would show that all conditions precedent to their recovery have occurred and been fulfilled.

## VIII.  DISCOVERY

34.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that the Defendant disclose, within fifty (50) days of the service of this request, the information and material described in Rule 194.2 (a) – (l)

## IX. REQUEST FOR JURY TRIAL

35.  Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Maxine White prays that Defendant Frontier Airlines, Inc. be cited to appear herein and answer this Petition and that on final hearing, Plaintiff has judgment against Defendants for all damages to which she is justly entitled and the jury may deem to be proper, together with prejudgment and post-judgment interest at the legal rate, costs of court, and for such other and further relief to which Plaintiff may be or become justly entitled.

Respectfully submitted,

**LAW OFFICE OF JOEL A. LEVINE, PLLC**

By: /s/ Joel A. Levine
JOEL A. LEVINE
State Bar No. 24065612
5407 Parkcrest Drive, Suite 300
Austin, Texas 78731
Telephone: (512) 982-1510
Facsimile: (512) 367-5928
Email: joel@joelalevine.com

**ATTORNEY FOR PLAINTIFF
MAXINE WHITE**

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
A Non-Profit Corporation

**IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP**

512-472-8303
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 0303

**SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS**

512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am–4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 0303