IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MAXINE WHITE, | |
| *Plaintiff* | Docket No. 16-CV-01266—LY |
| vs. | ANSWER |
| FRONTIER AIRLINES, INC., | JURY DEMAND |
| *Defendant* | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Frontier Airlines, Inc. ("Frontier") files this Answer in response to the allegations contained in Plaintiff's Original Petition in the above-entitled and numbered cause, as removed by Frontier. In support hereof, Frontier respectfully shows as follows:

### I.
### ANSWER

### DISCOVERY CONTROL PLAN

1. As to the allegations contained in paragraph 1 of the Petition, Frontier would respectfully submit that discovery in this matter shall be conducted pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### PARTIES

2. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Petition. Therefore, the allegations are denied.

---
DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION                                                                                                PAGE 1

3.	Frontier denies the allegations of Paragraph 3 of the Petition, except to admit that it is a Colorado corporation that conducts business, namely providing air travel transportation, in Travis County, Texas.

## VENUE AND JURISDICTION

4.	The allegations contained in paragraph 4 of the Petition are a statement of jurisdiction and a statement of venue. Frontier admits this Court has jurisdiction over the allegations by Plaintiff and that venue is proper in this Court. But, Frontier denies any other factual allegations contained therein.

## FACTS

5.	Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Petition. Therefore, the allegations are denied.

6.	Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Petition. Therefore, the allegations are denied.

7.	Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Petition. Therefore, the allegations are denied.

8.	Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Petition. Therefore, the allegations are denied.

9. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Petition. Therefore, the allegations are denied.

10. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Petition. Therefore, the allegations are denied.

11. Frontier denies the allegations of paragraph 11 of the Petition.

12. Frontier denies the allegations of paragraph 12 of the Petition.

13. Frontier denies the allegations of paragraph 13 of the Petition.

## CAUSES OF ACTION

### A. NEGLIGENCE

14. Frontier incorporates its responses in the foregoing paragraphs by reference.

15. Frontier denies the allegations of paragraph 15 of the Petition.

16. Frontier denies the allegations of paragraph 16 of the Petition.

17. Frontier denies the allegations of paragraph 17 of the Petition.

18. Frontier denies the allegations of paragraph 18 of the Petition.

19. Frontier denies the allegations of paragraph 19 of the Petition.

20. Frontier denies the allegations of paragraph 20 of the Petition.

### B. NEGLIGENT TRAINING AND SUPERVISION

21. Frontier denies the allegations of paragraph 21 of the Petition.

22. Frontier denies the allegations of paragraph 22 of the Petition.

23. Frontier denies the allegations of paragraph 23 of the Petition.

C. **VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

24. Frontier denies the allegations of paragraph 24 of the Petition.

D. **INFLICTION OF BODILY INJURY**

25. Frontier denies the allegations of paragraph 25 of the Petition.

26. Frontier denies the allegations of paragraph 26 of the Petition.

## DAMAGES

27. Frontier incorporates its responses in the foregoing paragraphs by reference.

28. Frontier denies the allegations of paragraph 28 of the Petition.

29. Frontier denies the allegations of paragraph 29 of the Petition.

30. Frontier denies the allegations of paragraph 30 of the Petition.

31. Frontier denies the allegations of paragraph 31 of the Petition.

32. To the extent that paragraph 32 of the Petition requires a response, Frontier denies the allegations of paragraph 32 of the Petition.

## CONDITIONS PRECEDENT

33. Frontier denies the allegations of paragraph 33.

## DISCOVERY

34. Frontier denies the allegations of paragraph 34, if any, except to admit that it will respond to all discovery as required by the Federal Rules of Civil Procedure.

## JURY TRIAL

35. Frontier responds to Paragraph 35 with its own demand for a jury trial.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred inasmuch as Plaintiff's fault in the causation of her claimed injuries was greater than the fault, if any, of Frontier.

### SECOND AFFIRMATIVE DEFENSE

37. Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

### THIRD AFFIRMATIVE DEFENSE

38. Any injuries sustained by Plaintiff were as a result of the negligence and/or intentional of entities or persons over whom Frontier had no control.

### FOURTH AFFIRMATIVE DEFENSE

39. Any amount that Plaintiff claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to cause the harm.

### FIFTH AFFIRMATIVE DEFENSE

40. The Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

41. If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/or superseding causes, and not either Frontier's alleged acts or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff failed to name a necessary party to the action whose action and/or inactions caused or contributed to plaintiff's alleged injuries and must be added as a party.

___
DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION                                    PAGE 5

### EIGTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims against Frontier are barred inasmuch as the condition claimed by Plaintiff to be dangerous or defective was an open and obvious condition.

### NINETH AFFIRMATIVE DEFENSE

44. Plaintiff's claims against Frontier are barred inasmuch as the condition claimed by Plaintiff to be dangerous or defective was a de-minimus condition.

### TENTH AFFIRMATIVE DEFENSE

45. Frontier did not have actual or constructive notice of the alleged dangerous or defective condition claimed by Plaintiff to have caused her injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims against Frontier are barred inasmuch as Plaintiff assumed the risk of her own actions or inactions in causing her own injuries.

### TWELTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims against Frontier are barred by Plaintiff's failure to mitigate her claimed damages from this incident.

### THIRTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute.

49. Frontier reserves the right to add and rely upon such other and further defenses and cross-claims as may become apparent during the discovery of this action, and it reserves the right to amend its Answer and other pleadings to assert such additional defenses and third party claims.

**WHEREFORE**, Defendant Frontier Airlines, Inc. demands judgment dismissing the above-entitled and numbered cause, along with costs and disbursements, and further, awarding all such other and further relief as the Court shall deem just, equitable, and proper.

Dated:  December 12, 2016

                                        Respectfully submitted,

                                        **SMITH | ROBERTSON | ELLIOTT, LLP**

                                        By:  */s/ A. Lee Rigby*
                                              A. Lee Rigby
                                              State Bar No. 24029796

                                              221 West Sixth Street, Suite 1100
                                              Austin, Texas 78701
                                              Telephone: (512) 225-5800
                                              Facsimile: (512) 225-5838
                                              E-Mail: lrigby@smith-robertson.com

                                      **ATTORNEYS FOR FRONTIER AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and I further certify that I have served the foregoing by email.

Mr. Joel A. Levine
Law Office of Joel A. Levine, PLLC
5407 Parkcrest Drive, Suite 300
Austin, Texas  78731
joel@joelalevine.com

___