## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MAXINE WHITE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 16-CV-01266-LY** |
| | § | |
| **FRONTIER AIRLINES, INC.** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

**COMES NOW**, Plaintiff, MAXINE WHITE ("White"), in the above styled cause and files this, her Plaintiff's First Amended Complaint complaining of FRONTIER AIRLINES ("Frontier") and shows the following:

### I.    DISCOVERY CONTROL PLAN

1.      Pursuant to Texas Rules of Civil Procedure Rule 190.4, Plaintiff requests that discovery be conducted in accordance with Discovery Control Plan Level 3.   The Court has entered in a Scheduling Order following the Initial Pre-Trial Conference.

### II.    PARTIES

2.      Plaintiff is a resident of Travis County, Texas.

3.      Defendant Frontier Airlines is a business who has been served with process and has appeared herein.

### III.    VENUE AND JURISDICTION

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between White and Frontier and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper because all of the events giving rise to Plaintiff's claims occurred in Travis County, Texas.

### IV.    FACTUAL BACKGROUND

5.      On June 10, 2015, Plaintiff arrived at Austin-Bergstrom International Airport for a flight to Denver, Colorado on a plane owned and operated by Frontier Airlines.

6.      Upon arrival at the check-in counter, Plaintiff advised Defendant's employees and/or agents of her disability, a pre-existing back injury, nerve damage, and other health issues which require the use of a wheel chair.

7.      During the boarding process, Defendant's employees and/or agents advised passengers that a gate was unavailable for boarding and transported passengers by bus to the tarmac for boarding.

8.      When Plaintiff arrived at the plane on the tarmac, there was no handicap ramp or mechanical lift as required by the Americans with Disabilities Act ("ADA") and various Department of Transportation regulations.

9.      Defendant's employees and/or agents instructed Plaintiff to climb a narrow stairway comprised of a set of sixteen stairs to board the plane.  Plaintiff was physically unable to climb the stairs to board the plane.

10.     After several failed attempts to figure out a way for Plaintiff to board the plane, Plaintiff was loaded into a "rescue chair" and carried up the stairs despite expressing concern for her safety.

11.     Due to the lack of a boarding ramp or mechanical lift and the haphazard and uneven nature used to carry Plaintiff and lift her up the stairs for boarding, Plaintiff suffered severe physical injuries as well as mental and physical trauma resulting in damages to Plaintiff.

12.     Following the incident, Plaintiff submitted a complaint to Defendant to address the unsafe boarding procedure employed by Frontier staff.  Defendant responded to Plaintiff, and by their own admission, had violated state and federal law having failed in their duty to Plaintiff, a passenger with a disability, to provide proper assistance with boarding and ensure compliance with the law and their own procedures to safeguard the safety and dignity of passengers.  Further, Defendant's employees were inadequately trained in handling disabled passengers and complying with both State and Federal laws.

13.     Had Defendant, by and through its agents, representatives, employees and staff, complied with the law and followed proper procedures to assist passengers with disabilities, Plaintiff would not have sustained the injuries and damages described above.

## V.     CAUSES OF ACTION

### A.     NEGLIGENCE AND NEGLIGENCE PER SE

14.     Plaintiff incorporates, by reference, the allegations set out above into each cause of action below:

15.     On the occasion in question, Defendant had a duty to exercise the degree of care and caution which would have been exercised by a person using ordinary care and would use to avoid harm to others under circumstances similar those described herein.

16.     Defendants breached the duty of care they owed to Plaintiff by failing to provide or ensure a safe boarding process.

17.     Defendant breached the duty of care they owed to Plaintiff by failing to provide or

ensure the provision of assistance requested by or on behalf of passengers with a disability.

18.     Defendant breached the duty of care they owed to Plaintiff by failing to provide a safe boarding process and by negligently using a "rescue chair" to carry Plaintiff up a narrow set of stairs.  A reasonable person could foresee that the method of boarding Plaintiff was unsafe, and undignified, and carried the potential to cause greater harm to someone with a back injury and nerve damage.

19.     Further, Defendant violated multiple federal regulations in regards to handling disabled passengers, obligations with respect to boarding and deplaning assistance, and overall lack of and/or inadequate training of employees in handling disabled passengers.  Particularly, Defendant has violated 14 CFR § 382.95 and 14 CFR § 382.141, as further set forth below.

20.     Each and all of the foregoing acts of negligence and negligence per se were a proximate cause of the occurrence made the basis of this suit, and all of the damages and injuries sustained by Plaintiff.

21.     Plaintiff specifically pleads that nothing she did contributed to her injuries.

**B.     NEGLIGENT TRAINING & SUPERVISION**

22.     Defendant Frontier was negligent in failing to properly train and supervise its agents, representatives, employees, staff, and other personnel working and present at the time incident occurred.

23.     Defendant did not use ordinary care in training and supervising its employees to follow procedures in compliance with the law which safeguard Defendant's health, specifically, passengers with disabilities, creating a risk of harm to the public.

24.     Such negligence was the proximate cause of the incident described in this petition and caused personal injury and damages to Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT
WHITE V. FRONTIER AIRLINES, INC.

PAGE 4 OF 10

C.      **VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

25.      At the time of the incident, agents, representatives, employees, staff, and other personnel were acting on behalf of Defendant Frontier in furtherance of Frontier's business interests.  Accordingly, Defendant Frontier is liable to Plaintiff for all of the damages herein under the principals of *respondeat superior*.

D.      **INFLICTION OF BODILIY INJURY**

26.      Defendant Frontier boarded Plaintiff in an unsafe manner despite Plaintiff expressing concern for her safety when they strapped her in a chair, failed to safeguard her health, and unsteadily and recklessly carried her up the stairs causing trauma and bodily injury.

27.      Defendant Frontier's breach of duty proximately caused personal injury and damages to Plaintiff.

E.      **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101**

28.      Plaintiff incorporates the preceding paragraphs as if set forth herein.

29.      Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  *See* 42 U.S.C. § 12182(a).

30.      Discrimination is defined, inter alia, as follows:

  a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and

facilities.  42 U.S.C. §12182(b)(2)(A)(ii).

b.    A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. §12182(b)(2)(A)(iii).

31.    Defendant did not have proper boarding equipment for disabled passengers utilizing wheelchairs on this particular flight.   This resulted in Plaintiff being treated differently than other individuals because of the absence of auxiliary aids and services (such as a ramp or mechanical lift) and resulted in Plaintiff sustaining physical injuries, embarrassment and mental anguish, and additional damages.

## F.    VIOLATION OF U.S. DEPARTMENT OF TRANSPORTATION REGULATIONS 14 CFR §382.95, 14 CFR §382.141

32. Plaintiff incorporates the preceding paragraphs as if set forth herein.

33. U.S. Department of Transportation Regulation 14 CFR §382.95 specifically outlines a carriers' general obligations with respect to boarding and deplaning assistance.

14 CFR § 382.95

*(a) As a carrier, you must promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability, or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. This assistance must include, as needed, the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs where provided in accordance with this part, and ramps or mechanical lifts.*

*(b) As a carrier, you must, except as otherwise provided in this subpart, provide boarding and deplaning assistance through the use of lifts or ramps at any U.S. commercial service airport with 10,000 or more annual enplanements where boarding and deplaning by level-entry loading bridges or accessible passenger lounges is not available.*

PLAINTIFF'S FIRST AMENDED COMPLAINT
WHITE V. FRONTIER AIRLINES, INC.

PAGE 6 OF 10

34.  Defendant did not have the required and necessary ramps or mechanical lifts to properly assist Plaintiff with boarding her flight and has admitted to violating 14 CFR § 382.95.

35.  Further, Plaintiff contends that Defendant did not properly and/or adequately train their employees pursuant to the requirements of 14 CFR § 382.141.

36. Defendant's violations of both 14 CFR § 382.95 and 14 CFR § 382.141 were a proximate cause of Plaintiff's injuries.

G.   **VIOLATION OF CHAPTER 121, TEXAS HUMAN RESOURCES CODE, TEXAS ACCESSIBILITY STANDARDS**

37.    Plaintiff incorporates the preceding paragraphs as if set forth herein.

38.    Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society.  Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the State".  TEX. HUM. RES. CODE §121.001.

39.    Defendant's aforementioned actions and violations of the ADA, 14 CFR § 382.95 and 14 CFR § 382.141 violate the Texas Human Resources Code and such violations have proximately caused Plaintiff injuries and damages.

VI.   **DAMAGES**

40.    Plaintiff incorporates the preceding paragraphs as if set forth herein.

41.    The negligent conduct of the Defendant proximately caused injuries and damages to Plaintiff in excess of the minimum jurisdictional limits of this Honorable Court.

42.    Pursuant to Texas Rules of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest if applicable.

43.     These damages include, but are not limited to:

a.   Medical, hospital, rehabilitative and pharmaceutical charges and expenses in the past and in reasonable medical probability, will be incurred in the future;

b.   Pain and suffering in the past and in reasonable probability, will be suffered in the future;

c.   Mental anguish suffered in the past and in reasonable probability, will be suffered in the future;

d.   Disability and impairment in the past and in reasonable probability, will occur in the future;

e.   Disfigurement in the past and in reasonable probability, will be suffered in the future; and

f.   Lower quality of life in the past and in reasonable probability, will be suffered in the future.

44.     <u>Statutory Damages.</u>  Plaintiff is entitled to damages in the amount of at least $300 per violation of Chapter 121 by Defendant, pursuant to TEX. HUM. RES. CODE § 121.004(b).

45.     <u>Exemplary Damages.</u>  Plaintiff's injuries resulted from Defendant Frontier's gross negligence, which entitled Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

46.     <u>Attorneys' Fees and Cost.</u>   Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. § 12205.

47.     Plaintiff respectfully reserves the right to amend this pleading and plead for damages as may be appropriate at the time of the trial.

## VII.    CONDITIONS PRECEDENT

48.     Plaintiff would show that all conditions precedent to their recovery have occurred and been fulfilled.

## VIII.  REQUEST FOR JURY TRIAL

49.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Maxine White prays that Defendant Frontier Airlines, Inc. be cited to appear herein and answer this Petition and that on final hearing, Plaintiff has judgment against Defendant for all damages to which she is justly entitled and the jury may deem to be proper, together with prejudgment and post-judgment interest at the legal rate, costs of court, and for such other and further relief to which Plaintiff may be or become justly entitled.

Respectfully submitted,

**LAW OFFICE OF JOEL A. LEVINE, PLLC**

By:   /s/  Joel A. Levine
      JOEL A. LEVINE
      State Bar No. 24065612
      1515 W. Koenig Lane, Suite 100
      Austin, Texas 78756
      Telephone: (512) 982-1510
      Facsimile: (512) 367-5928
      Email: joel@joelalevine.com

**ATTORNEY FOR PLAINTIFF**
**MAXINE WHITE**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this 21st day of July 2017, a true and correct copy of the preceding was served via the manner provided below:

**Via CM/ECF**
A.  Lee Rigby
Smith | Robertson | Elliott, LLP
221 West Sixth Street
Austin, Texas 78701
*Attorneys for Frontier Airlines, Inc.*


<u>*/s/ Joel A. Levine*                        </u>
Joel A. Levine