ORIGINAL

17 JUL 21 PM 3:41

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
             DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MAXINE WHITE, § | |
| Plaintiff, § | |
| v. § | |
| FRONTIER AIRLINES, INC., § | |
| § | |
| Defendant, Third Party Plaintiff, § | CIVIL ACTION NO. 1:16-CV-1266(LY) |
| § | |
| v. § | |
| § | |
| THE AUSTIN FIRE DEPARTMENT, § | |
| THE CITY OF AUSTIN AVIATION § | |
| DEPARTMENT, AUSTIN-BERGSTROM § | |
| INTERNATIONAL AIRPORT, § | |
| THE CITY OF AUSTIN AND § | |
| HUNTLEIGH USA CORPORATION, § | |
| § | |
| Third-Party Defendants. § | |

## DEFENDANT/THIRD PARTY PLAINTIFF FRONTIER'S
## THIRD PARTY COMPLAINT

Defendant/Third-Party Plaintiff, Frontier Airlines, Inc. ("Frontier"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby brings this third-party action against the Austin Fire Department ("AFD"), the City of Austin Aviation Department ("Aviation Department"), the Austin-Bergstrom International Airport ("ABIA"), the City of Austin ("City") and Huntleigh USA Corporation ("Huntleigh"), and would respectfully allege to the Court as follows:

### I.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the dispute between Plaintiff Maxine White and Frontier.

1

2. This Third-Party Complaint asserts that third-party defendants, the AFD, the Austin Aviation Department, ABIA, the City and Huntleigh, are liable to Frontier for the liability, if any, Frontier may owe to Plaintiff. The claims asserted in this Third-Party Complaint arise out of the same facts and circumstances as those of the original Complaint (EDF No.1-2) filed by Plaintiff attached hereto as Exhibit A (the "Complaint"), so that this Court may exercise supplemental jurisdiction over this third-party action under the provisions of 28 U.S.C.§1367(a).

3. This Court has jurisdiction over the federal question raised by Plaintiff's Complaint, as well. Plaintiff raises violation of the Americans with Disability Act ("ADA").

4. Venue is proper in this Court, pursuant to 28 U.S.C. §1391, in that the events giving rise to this lawsuit occurred in this judicial district.

## II.

## FRONTIER'S CLAIMS ARE NOT BARRED BY IMMUNITY

5. The City, the Austin Aviation Department and ABIA are not subject to governmental immunity because it performed certain proprietary acts that form the basis of this suit.

6. In addition, the City, the Austin Aviation Department and ABIA are not subject to governmental immunity because Plaintiff's claims fall under one of the exceptions, namely premises liability, for ABIA and the Austin Aviation Department's failure to provide the proper equipment for Plaintiff to board the Frontier flight.

7. Moreover, the City and the AFD are not subject to governmental immunity because Plaintiff's claims also fall under the exception for premises liability in that the City, through the Austin Fire Department, had actual notice of the lack of proper equipment and took negligent action to board the Plaintiff onto the aircraft.

8. Last, the City, the AFD, the Austin Aviation Department and ABIA are not subject to governmental immunity because Plaintiff's claims, if proven, establish gross negligence on the part of the City, the AFD, the Austin Aviation Department and ABIA.

## III.

## PARTIES

9. Plaintiff, Maxine White, is a resident of Travis County, Texas.

10. Frontier's principal place of business is Denver, Colorado.

11. Huntleigh is a foreign corporation incorporated in Missouri with a principle place of business in Irving, Texas and conducts business in Austin, Travis County, Texas and may be served with process by serving its Register Agent: Huntleigh USA Corporation, c/o National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

12. Third-party Defendant City of Austin, Texas is a home rule city organized under Article XI, §5 of the Texas Constitution, and may be served with process by serving the City Clerk, Jannette Goodall, at 301 West Second Street, Suite 120, Austin, Texas 78701.

13. The Austin Fire Department, The City of Austin Aviation Department and the Austin-Bergstrom International Airport are all public entities that exist under the under the control of The City of Austin and may be served by the same method.

## IV.

## PROCEDURAL BACKGROUND

14. Plaintiff's Complaint (Exhibit A, ECF 1-2) is a personal injury case alleging that Plaintiff was injured while boarding a Frontier flight on June 10, 2015. Plaintiff alleges that on the day if the incident she was traveling from Austin, Texas to Denver, Colorado aboard a flight operated

by Frontier. Plaintiff alleges that the Gate for the flight was not equipped with a handicap ramp for boarding, but rather passengers boarded the flight from the tarmac.

15. Plaintiff alleges in her Complaint that she suffered "severe physical injuries as well as mental and physical trauma." (Complaint at ¶2.)

16. Plaintiff further alleges in her Complaint that she is seeking "monetary relief over $200,000" as well as exemplary damages. (Id. at ¶5.)

17. Plaintiff further alleged that the handicap ramp was required to be available for boarding pursuant to the ADA, and that, because it was not available, "Plaintiff was loaded into a 'rescue chair' and carried up the stairs despite expressing concern for her safety." (Id., at ¶10.)

18. Plaintiff has set forth causes of action sounding in negligence, negligent training and supervision, vicarious liability, and infliction of bodily injury. (Id., ¶¶14 – 32.)

19. Frontier's internal investigation revealed that other parties may have been aware of Plaintiff's incident at the time of her boarding. Specifically, Frontier has reason to believe the Austin Fire Department and Aviation Department may have had some knowledge or information regarding the incident.

20. Frontier removed the case to this Court on December 2, 2016. The initial scheduling conference was held on April 25, 2017. The Scheduling Order (ECF No. 10) provides that any additional parties must be added by July 21, 2017. Frontier's third-party action is, therefore, timely.

21. Frontier submitted a public information request to the City on April 17, 2017. The City responded on April 24, 2017 with an incident report and a letter to Plaintiff that had not been disclosed to Frontier prior to this date. (See attached the request and responses, attached hereto as and incorporated herein for all purposes, Exhibit C.)

4

22. The "Incident Detail Report" ("IDR") indicated that firemen from Austin Fire Rescue 2 and 5 "responded to Gate 1 as requested by a phone call from Frontier Airlines for assistance helping a disabled passenger board the 737. The aircraft was parked on the RON out from Gate 2 and with an air-stair attached. We used an aisle chair to take the patient up the stairs."

23. Further, the IDR stated the firemen, "provided manpower for a lift assist onto Frontier Airlines aircraft located at the hardstand using an aisle chair provided by Air Ops." (Id.)

In addition to the IDR, the City also provided an "Email Response" to a "Citizen Assistance Form" ("CAF Response") dated July 20, 2015. The CAF Response was addressed to Plaintiff's email address and was authored by Stephanie Tucker, Airport Property Manager for ABIA. In relevant part, Ms. Tucker stated: ". . .the Aviation Department has purchased an air stair with a wheelchair lift. The air stair is designed to accommodate various aircraft classes that operate at the airport. The lift will be used in anomalies and emergencies to ensure the safe loading and disembarkation of passengers from planes." (Id.)

## V.

## FACTUAL BACKGROUND GIVING RISE

## TO THE THIRD PARTY ACTION

24. Frontier operates commercial air service operations at ABIA pursuant to a contract with the City. Pursuant to the contract, attached hereto as Exhibit B, the City "acting by and through the Executive Director of the Department of Aviation," leases Gate 24 to Frontier for its flight operations.

25. Under the contract, the City must "operate, maintain, manage, and control the Airport in a first class, efficient, economical and businesslike manner, and in accordance with Applicable Law." "Applicable Law" is a defined term in the contract meaning: ". . . all federal, state and

local laws, codes, ordinances, rules, regulations . . . of any Governmental Authority applicable to the parties, the Airport, or the Premises during the term of this Agreement."

26.     The section entitled "Article 9 – Airline Alterations and Additions" on page 29 of the contract, drafted by the City, provides in Part B:

> B.     **Modification Required to Accommodate Disabled Persons.** If Lessor is required by Applicable Law or an order of a Governmental Authority to modify the areas leased or occupied by Airline, or to install additional equipment therein, in order to accommodate Airline's disabled passengers during the term of this Agreement, Lessor shall give the Airline prompt notice of the receipt of such governmental order to undertake such modifications, or additions, in order that Airline may present its views, or objections, or participate in the planning of such, to the extent that its interest is involved. Then:
>
>> (1)     if the areas or equipment (including boarding assistance devices) are Exclusively or Preferentially leased to or used by Airline, the Rent paid by Airline for such areas or equipment shall be adjusted to include Lessor's cost to modify such areas or install additional equipment, amortized over a reasonable period of time in accordance with generally accepted accounting principles; and
>>
>> (2)     if the areas or equipment are Common Use or Joint Use Facilities, the Rent paid by Airline and other users thereof shall be adjusted to include Lessor's cost to modify such areas or install additional equipment, amortized over a reasonable period of time in accordance with generally accepted accounting principles.
>>
>> (3)     The Rent adjustment under this Article shall be effective as of the first day of the month following the completion of such modifications, or the installation of such equipment, as applicable.
>
> Unless otherwise specified in **Exhibit A**, each of Airline's Preferential Use Gates are equipped with passenger loading bridges. If Airline elects to operate any aircraft at the Airport which cannot be boarded using the loading bridges provided by Lessor, Airline shall be solely responsible to satisfy its obligations under the Air Carrier Access Act [49 U.S.C, 1374(c)] and the regulations promulgated thereunder (14 CFR §382.23) with respect to aircraft covered by 14 CFR Part 121.

27.     Frontier contracted with Huntleigh to provide services for Frontier customers using wheelchairs at various airports in the United States, including ABIA. The boilerplate contract

language provides that Huntleigh, the "Handling Company," agrees, with respect to Frontier, the "Carrier" to:

> indemnify, defend and hold harmless Carrier, its directors, officers, employees, and agents from and against any and all claims, damages, losses, fines, civil penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever, including, but not limited to interest, court costs, and attorneys fees, which in any way arise out of or result from any act(s) or omission(s) by Handling Company . . .

## VI.
## FIRST CAUSE OF ACTION AGAINST CITY, AVIATION DEPARTMENT AND ABIA
## (BREACH OF CONTRACT)

28. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

29. While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Complaint, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and the City, the Aviation Department, and/or ABIA, by third-party defendants, the City, the Aviation Department, and/or ABIA, Frontier is entitled to recover from the City, the Aviation Department, and/or ABIA any such damages and all of its costs, including attorney's fees.

## VII.
## SECOND CAUSE OF ACTION AGAINST CITY, AVIATION DEPARTMENT AND ABIA
## (CONTRACTUAL INDEMNIFICATION)

30. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

31. While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Complaint, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and the City, the Aviation

Department, and/or ABIA for the wrongful and/or negligent conduct of the City, by and through the Aviation Department and/or ABIA, Frontier is entitled to indemnification from the City, the Aviation Department, and/or ABIA for any such damages and all of its costs, including attorney's fees.

## VIII.
## THIRD CAUSE OF ACTION AGAINST CITY, AVIATION DEPARTMENT, ABIA, AND AFD
## (CONTRIBUTION)

32. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

33. In the event and to the extent that Frontier is adjudged to have any liability to Plaintiff with respect to any claims asserted in the Complaint, Frontier is entitled to contribution from the City, the Aviation Department, ABIA, and/or AFD for such portion of the judgment, in whole or in part, that is attributable to their conduct.

## IX.
## FIRST CAUSE OF ACTION AGAINST HUNTLEIGH
## (BREACH OF CONTRACT)

34. Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

35. While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Complaint, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and Huntleigh by third-party defendant Huntleigh, Frontier is entitled to recover from Huntleigh any such damages and all of its costs, including attorney's fees.

## X.
## SECOND CAUSE OF ACTION AGAINST HUNTLEIGH
## (CONTRACTUAL INDEMNIFICATION)

36.     Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

37.     While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Complaint, and if such liability accrues as a result of a breach of the contractual relationship between Frontier and Huntleigh or the wrongful and/or negligent conduct of Huntleigh, Frontier is entitled to indemnification from Huntleigh for any such damages and all of its costs, including attorney's fees.

## XI.
## THIRD CAUSE OF ACTION AGAINST HUNTLEIGH
## (COMMON LAW INDEMNIFICATION)

38.     Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

39.     While denying all liability, if Frontier is found liable for damages to Plaintiff in connection with the claims asserted in Plaintiff's Complaint, and if such liability accrues as a result of the wrongful and/or negligent conduct of Huntleigh, Frontier is entitled to indemnification from Huntleigh for any such damages and all of its costs, including attorney's fees, pursuant to the doctrine of common law indemnification.

## XII.
## FOURTH CAUSE OF ACTION AGAINST HUNTLEIGH
## (CONTRIBUTION)

40.     Frontier restates and incorporates by reference the allegations set forth above, as though they were fully set forth herein.

41. In the event and to the extent that Frontier is adjudged to have any liability to Plaintiff with respect to any claims asserted in the Complaint, Frontier is entitled to contribution from Huntleigh, for such portion of the judgment, in whole or in part, that is attributable to its conduct.

WHEREFORE, Defendant/Third-Party Plaintiff Frontier Airlines, Inc., demands judgment on its claims against Third-Party Defendants City of Austin, the Austin Fire Department, the Austin Aviation Department, Austin-Bergstrom International Airport and Huntleigh Corporation; and requests such other relief as the Court deems just, proper and equitable.

DATED: July 21, 2017

Respectfully submitted,

By: _____
Patrick J. Comerford, Esq.
State Bar No. 24096724

SMITH ROBERTSON, LLP
221 West 6th Street, Suite 1100
Austin, Texas 78701
p: (512)-225-5810
f: (512)-225-5838
pcomerford@smith-robertson.com

*Attorney for Defendant/Third-Party Plaintiff Frontier Airlines, Inc*

**CERTIFICATION OF SERVICE**

I hereby certify that on July 21, 2017, this filing was served to the following counsel of record via mail and electronic mail.

LAW OFFICES OF JOEL A. LEVINE
5407 Parkcrest Drive, Suite 300
Austin, Texas 78731
P: (512)-982-1510
F: (512)-367-5928
joel@joelalevine.com
*Attorney for Plaintiff*

By: _____
Patrick J. Comerford