UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE, | § | |
|          Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| FRONTIER AIRLINES, INC., | § | |
|          Defendant, Third Party | § | |
|          Plaintiff, | § | |
| | § | CIVIL ACTION NO. 16-CV-01266-LY |
| VS. | § | |
| | § | |
| THE AUSTIN FIRE DEPARTMENT, | § | |
| THE CITY OF AUSTIN AVIATION | § | |
| DEPARTMENT, AUSTIN- | § | |
| BERGSTROM INTERNATIONAL | § | |
| AIRPORT, THE CITY OF AUSTIN | § | |
| AND HUNTLEIGH USA | § | |
| CORPORATION | § | |
|          Third-Party Defendants. | § | |

## THIRD PARTY DEFENDANT CITY OF AUSTIN'S
## ORIGINAL ANSWER AND DEFENSES

COMES NOW, Third Party Defendant City of Austin (which includes the improperly named Austin Fire Department, City of Austin Aviation Department and Austin Bergstrom International Airport) and files this Original Answer and Defenses pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

### A.
### ORIGINAL ANSWER

1.      Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 1 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

2.      Third Party Defendant City of Austin admits that Third Party Plaintiff asserts the complaints identified in Paragraph 2 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint and that this Court can exercise supplemental jurisdiction over a third party complaint, but denies Third Party Plaintiff is entitled to such relief from this Defendant.

3.      Third Party Defendant City of Austin admits the allegations contained in Paragraph 3 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

4.      Third Party Defendant City of Austin admits the allegations contained in Paragraph 4 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

5.      Third Party Defendant City of Austin denies that Austin Fire Department, City of Austin Aviation Department or Austin Bergstrom International Airport are legal entities that can sue or be sued. Defendant additionally denies that its governmental immunity has been waived and denies that airport activities are a proprietary function, as alleged in Paragraph 5 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

6.      Third Party Defendant City of Austin denies that Austin Fire Department, City of Austin Aviation Department or Austin Bergstrom International Airport are legal entities that can sue or be sued. Defendant additionally denies that its governmental immunity has been waived and denies the remainder of the allegations contained in Paragraph 6 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

7.      Third Party Defendant City of Austin denies that Austin Fire Department, City of Austin Aviation Department or Austin Bergstrom International Airport are legal entities that can sue or be sued. Third Party Defendant City of Austin additionally denies that its governmental immunity has been waived and denies the remainder of the allegations contained in Paragraph 7 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

8.      Third Party Defendant City of Austin denies that Austin Fire Department, City of Austin Aviation Department or Austin Bergstrom International Airport are legal entities that can sue or be sued. Defendant additionally denies that its governmental immunity has been waived and denies the remainder of the allegations contained Paragraph 8 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

9.      Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 9 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

10.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 10 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

11.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 11 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

12.     Third Party Defendant City of Austin admits Third Party Plaintiff's allegations contained in Paragraph 12 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

13.     Third Party Defendant City of Austin denies that Austin Fire Department, City of Austin Aviation Department or Austin Bergstrom International Airport are public and/or legal entities or that they can be served with process, as alleged in Paragraph 13 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint. This Defendant admits they exist under the control of the City of Austin.

14.     Third Party Defendant City of Austin denies the allegations contained in Paragraph 14 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

15.     Third Party Defendant City of Austin admits that Plaintiff makes the allegations that are identified in Paragraph 15 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

16.     Third Party Defendant City of Austin admits that Plaintiff makes the allegations that are identified in Paragraph 16 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

17.     Third Party Defendant City of Austin admits that Plaintiff makes the allegations that are identified in Paragraph 17 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

18.     Third Party Defendant City of Austin admits that Plaintiff makes the allegations that are identified in Paragraph 18 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

19.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in the first sentence of Paragraph 19 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint and the second sentence's allegation about what it has "reason to believe." The remainder of the allegations in this paragraph are too vague to admit or deny.

20.     Third Party Defendant City of Austin admits the allegations contained in Paragraph 20 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

21.     Third Party Defendant City of Austin admits it responded to an open records request as alleged in Paragraph 21 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint. This Defendant is without knowledge or information sufficient to form a belief about the remainder of this paragraph.

22.     Third Party Defendant City of Austin admits the document identified states what it states, as alleged in Paragraph 22 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

23.     Third Party Defendant City of Austin admits the document identified states what it states, as alleged in Paragraph 23 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

24.     Third Party Defendant City of Austin admits the document identified states what it states, as alleged in Paragraph 24 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

25.     Third Party Defendant City of Austin admits the document identified states what it states, as alleged in Paragraph 25 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

26.     Third Party Defendant City of Austin admits the document identified states what it states, as alleged in Paragraph 26 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

27.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 26 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

28.     No information to admit or deny.

29.     Third Party Defendant City of Austin denies the allegations contained in Paragraph 29 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

30.     No information to admit or deny.

31.     Third Party Defendant City of Austin denies the allegations contained in Paragraph 31 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

32.     No information to admit or deny.

33.     Third Party Defendant City of Austin denies the allegations contained in Paragraph 33 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

34.     No information to admit or deny.

35.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 35 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

36.     No information to admit or deny.

37.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 37 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

38.     No information to admit or deny.

39.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 39 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

40.     No information to admit or deny.

41.     Third Party Defendant City of Austin is without knowledge or information sufficient to form a belief about Third Party Plaintiff's allegations contained in Paragraph 41 of Defendant/Third Party Plaintiff Frontier's Third Party Complaint.

## B.
### AFFIRMATIVE AND OTHER DEFENSES

1.      Third Party Defendant City of Austin affirmatively pleads that Third Party Plaintiff's claims and requests for relief are barred in whole or in part by governmental immunity in that Defendant is a municipal corporation that was acting in the performance of its governmental functions during the relevant time period and therefore is entitled to immunity, save only to the extent of the partial waiver of same, and it hereby affirmatively pleads and asserts its claims to and defense of governmental immunity and the exemptions and exclusions of the Texas Tort Claims Act.  Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et seq.

2.      Third Party Defendant City of Austin further asserts official immunity and/or derivative official immunity to the extent that any City employee involved was in the scope of employment, performing an official duty, responding to an emergency call, and acting with reasonable care when the accident took place.

3.      Third Party Defendant City of Austin further asserts that Third Party Plaintiff failed to meet all conditions precedent to suit that Third Party Plaintiff failed to provide timely notice as required by the Texas Tort Claims Act.

4.      Answering further, should it be necessary, Third Party Defendant City of Austin affirmatively pleads the exemptions from liability contained in §§101.021, 101.0211, 101.0215, 101.022, 101.055, 101.056, and 101.101 of the Texas Civil Practice and Remedies Code.

5.      Third Party Defendant City of Austin would show that its liability for the Texas law claims, if any, is limited to the amount recited in §§101.023 and 101.024 of the Texas Civil Practice and Remedies Code.

6.      Upon trial of this suit, the jury should consider and apportion the responsibility of all parties, responsible third parties and settling parties, pursuant to the requirements of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

WHEREFORE PREMISES CONSIDERED, Third Party Defendant City of Austin prays that this matter be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of said Defendant; and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
1717 W. 6th Street, Suite 300
Austin, Texas  78703
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
    Joanna Lippman Salinas
    State Bar No. 00791122
    joanna.salinas@fletcherfarley.com

Attorneys for Defendant, *City of Austin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Third-Party Defendant City of Austin's Original Answer and Defenses** has been provided to the offices of:

Joel A. Levine
**LAW OFFICE OF JOEL A. LEVINE, PLLC**
1515 W. Koenig Lane, Suire 100
Austin, Texas 78756

Patrick J. Comerford, Esq.
**SMITH ROBERTSON, LLP**
221 W. 6th Street, Suite 1100
Austin, Texas 78701

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on August 17, 2017.

/s/Joanna Lippman Salinas
Joanna Lippman Salinas