# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:16-CV-1266-LY |
| | : | |
| FRONTIER AIRLINES, INC., | : | |
| | : | |
| Defendant and Third Party | : | Electronically Filed |
| Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| | : | |
| THE AUSTIN FIRE | : | |
| DEPARTMENT, THE CITY OF | : | |
| AUSTIN AVIATION | : | |
| DEPARTMENT, AUSTIN- | : | |
| BERGSTROM INTERNATIONAL | : | |
| AIRPORT, THE CITY OF AUSTIN, | : | |
| AND HUNTLEIGH USA | : | |
| CORPORATION., | : | |
| | : | |
| Third Party Defendants. | | |

## THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Third Party Plaintiff Frontier Airlines, Inc. asserts claims for breach of contract, contractual indemnity, common law indemnification, and contribution against Huntleigh. Frontier's factual allegations either are insufficient to support its claims against Huntleigh or show that it has no right to relief. Specifically, Frontier's allegations conclusively show that it cannot maintain a claim for common law indemnity or contractual indemnity against Huntleigh under Texas law. And its allegations are insufficient to support its claims for breach of contract and contribution against Huntleigh. All of Frontier's claims against Huntleigh, therefore, should be dismissed. *See* FED. RULE CIV. PRO. 12(b)(6).

## ARGUMENT AND AUTHORITIES

A plaintiff's complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). For a complaint to be sufficient it must: "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Brown v. Whitcraft*, 2008 WL 2066929, at *2 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (quoting *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). Stated differently, a plaintiff must plead sufficient facts "to raise a right to relief above the speculative level." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**1. Frontier's allegations conclusively show that it cannot maintain a claim for common law indemnity.**

Frontier has asserted a claim against Huntleigh for indemnification "pursuant to the doctrine of common law indemnification." (Doc. 12 at ¶ 38-39). Under Texas law, the availability of common-law indemnity is extremely limited. *See Cypress Creek Util. Serv. Co., Inc. v. Muller,* 640 S.W.2d 860, 862 (Tex. 1982) (discussing history of statutory abrogation of common-law contribution and indemnity rights). It is well established that Texas mostly abolished the doctrine of common-law indemnity in negligence cases by adopting a statutory scheme of comparative negligence. *See B & B Auto Supply, Sand Pit, & Trucking Co. v. Central Freight Lines, Inc.,* 603 S.W.2d 814, 817 (Tex. 1980). In *B & B Auto Supply,* the Texas Supreme Court explained that there was only one avenue left for common law indemnity under Texas law—where one party's liability is purely vicarious. *Id.* Common law indemnity is, therefore, only recoverable under Texas law by a defendant who, through no act of its own, has been made to pay for the negligence of another defendant based solely upon the relationship between the two

defendants. *See Astra Oil Co., Inc. v. Diamond Shamrock Refining Co., L.P.*, 89 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

To maintain a claim for common law indemnity, a defendant must plead facts showing that the relationship between the defendant and alleged indemnitor is the type of relationship that imposes vicarious liability, such as an agency or surety relationship. *Id.* Frontier's third-party complaint alleges that it had a contractual relationship with Huntleigh: "Frontier contracted with Huntleigh to provide services for Frontier customers using wheelchairs at various airports in the United States, including [Austin-Bergstrom International Airport]." (Doc. 12 ¶ 27). Frontier does not allege any facts supporting the existence of an agency or surety relationship between it and Huntleigh.

Texas courts have repeatedly held that a mere contractual relationship is insufficient to support a claim for common law indemnity. *See Capitol One, N.A. v. Custom Lighting & Elec., Inc.*, 2010 WL 4923470, at *5-*6 (S.D. Tex. Nov. 29, 2010)("the only relationship alleged is contractual, and, under Texas law, this type of relationship is not sufficient to sustain a claim for common law indemnity"); *Astra Oil Co., Inc.*, 89 S.W.3d at 706; *LTV Energy Prod. Co. v. Chaparral Inspection Co.,* 827 S.W.2d 593, 595 (Tex. App.—Houston [1st. Dist.] 1992, pet. denied)(stating that there was no agency or surety relationship that would allow vicarious liability theory); *Am. Alloy Steel, Inc. v. Armco, Inc.,* 777 S.W.2d 173, 175 (Tex. App.—Houston [14th Dist.] 1989, no writ) (holding that mere contractual business relationship did not give rise to obligation of implied indemnity).

Frontier's allegations, therefore, show that it cannot maintain a claim for common law indemnity against Huntleigh under Texas law. Thus, its common law indemnity claim should be dismissed with prejudice.

## 2. Frontier's allegations conclusively show that it cannot maintain an action against Huntleigh for contractual indemnity.

There are five elements of a contractual indemnity claim under Texas law: (1) a contractual indemnity agreement exists; (2) the indemnity agreement obligates one party to indemnify the other for particular claims; (3) those claims were made; (4) all conditions precedent for recovery have occurred or been waived or excused; and (5) the party seeking relief has been damaged. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (citing *Ford v. Aetna Ins. Co.*, 394 S.W.2d 693 (Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.)).

Frontier alleges that its contract with Huntleigh included an indemnification clause under which Huntleigh agreed to "indemnify, defend and hold harmless [Frontier], its directors, officers, employees, and agents from and against any and all claims, damages, losses, fines, civil penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever, including, but not limited to interest, court costs, and attorney's fees, which in any way arise out of or result from any act(s) or omission(s) by [Huntleigh] . . . ."

The Texas Supreme Court has held that a court must determine whether a contract creates a duty to indemnify based on the plaintiff's allegations in the pleadings. *See Fisk Elec. Co. v. Constructors & Assocs., Inc.*, 888 S.W.2d 813, 815 (Tex. 1994). Contractual indemnity rights are not triggered by a finding of liability, they are triggered by the plaintiff's allegations:

> Either the indemnity agreement is clear and enforceable or it is not. Such a determination should not depend on the outcome of the underlying suit, but should be established as a matter of law from the pleadings.

*See id.* at 814-15. So to prevail on its contractual indemnity claim, Frontier must point to specific language in the alleged contract indemnifying it for the claims alleged by White.

White's petition alleges negligence by Frontier and its employees; it does not allege any negligence on the part of Huntleigh or mention Huntleigh in any way. (Doc. 12, Ex. A). Nor does White's petition expressly allege that Frontier is liable for any alleged negligence of Huntleigh. (*See id.*). In short, White has only sued Frontier for Frontier's own alleged negligence, not for the negligence of Huntleigh. The alleged indemnification provision only agrees to indemnify Frontier for losses arising out of Huntleigh's acts or omissions.

Under Texas law, indemnity provisions that do not clearly provide for indemnification for the indemnitee's own negligence do not, as a matter of law, indemnify the indemnitee for its own negligence. *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705 (Tex. 1987). Frontier's Complaint does not seek indemnification for its own alleged negligence, it seeks indemnification "if such liability accrues as a result of a breach of the contractual relationship between Frontier and Huntleigh or the wrongful and/or negligent conduct of Huntleigh." Because Frontier is only being sued for its own negligence, the indemnity clause is not applicable here. *See Gilbane Bldg. Co. v. Keystone Structral Concrete, Ltd.*, 263 S.W.3d 291, 297 (Tex. App.—Houston [1st dist.] 2007, no pet.).

In *Gilbane Bldg. Co.*, a defendant sought contractual indemnity from a third party based on an indemnity clause that did not expressly state the indemnitee would be indemnified for its own sole negligence. *Id.* at 296. Just like in this case, the defendant was the only entity sued but stated it was not seeking indemnity for its own negligence; it was seeking indemnity for a third party's negligence. *Id.* at 297. After noting that the defendant had only been sued for its own negligence, the court held that the indemnity clause was inapplicable to the case and affirmed the trial court's order granting summary judgment in the third party's favor. *Id.*

As discussed above, Frontier alleges that it merely had a contractual relationship with Huntleigh. Under Texas law, a contractual relationship does not give rise to vicarious liability. White's vicarious liability claims against Frontier, therefore, have no bearing on Huntleigh.

The allegations in Frontier's complaint and White's petition conclusively show that Frontier cannot maintain its contractual indemnity claim against Huntleigh. White has only sued Frontier for Frontier's own alleged negligence and the alleged indemnity clause does not expressly state that Huntleigh will indemnify Frontier for Frontier's own negligence. Frontier's contractual indemnity claim, therefore, should be dismissed with prejudice.

Even so, Frontier's complaint fails to state a claim for contractual indemnity because Frontier fails to allege that claims subject to the alleged indemnity agreement have been made or that all conditions precedent for recovery have occurred or been waived or excused. (*See* Doc. 12 ¶ 36-37). Frontier's claim for contractual indemnity against Huntleigh should, therefore, be dismissed for failing to properly allege all of the elements to state a claim for contractual indemnity even if the Court find that Frontier's claim is not conclusively barred under Texas law. *See AXA Corp. Solutions v. Lectrus Corp.*, 2016 WL 6601049, at *3 (S.D. Tex. Nov. 8, 2016)(holding that contractual indemnity claim must be dismissed when plaintiff fails to allege key elements of the claim such as that all conditions precedent for recovery have occurred or been waived or excused).

**3.    Frontier failed to allege sufficient facts to support its breach of contract claim.**

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir.

2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

Frontier's complaint does not have attached to it and does not incorporate by reference any contract between it and Huntleigh, nor does it describe how Huntleigh allegedly breached any specific provision of a contract. Frontier's complaint contains only two factual allegations regarding Huntleigh: (1) that "Frontier contracted with Huntleigh to provide services for Frontier customers using wheelchairs at various airports in the United States, including [Austin-Bergstrom International Airport]" and (2) that the contract contained an indemnity clause. (Doc. 12 ¶ 27). There are no allegations regarding any other provisions of the alleged contract. Simply put, Frontier fails to identify any alleged breach of the contract. Frontier's complaint, therefore, fails to state a claim for breach of contract against Huntleigh. *See Ladjevardian v. TD Ameritrade, Inc.*, 2013 WL 6709051, at *2 (S.D. Tex. Dec. 18, 2013)(holding that complaint that did not have attached to it and did not incorporate by reference any contract between the parties or describe how the defendant allegedly breached any specific provision of the contract failed to state a claim for breach of contract).

Frontier also fails to identify any damages it allegedly sustained as a result of a breach. Frontier's complaint bases its breach of contract claim on multiple conditions precedent. First, its breach of contract claim is conditioned on it being "found liable to [White]." Second, its breach of contract claim is conditioned on its potential liability to White "accru[ing] as a result of a breach of the contractual relationship between Frontier and Huntleigh by third-party defendant Huntleigh." Frontier's complaint does not allege that it has actually sustained any damages based on an alleged breach of contract by Huntleigh at this time. Instead it asserts a claim for speculative or theoretically possible damages depending on a number of unknowns based on an unidentified breach of an unidentified

contract provision. Frontier's breach of contract claim against Huntleigh, therefore, should be dismissed.

**4.     Frontier failed to allege sufficient facts to support its contribution claim.**

To assert a contribution claim, a defendant generally needs to allege that some or all of the damages incurred by the underlying plaintiff were due to the negligent conduct of the third party and include factual allegations supporting that claim. *See*, *e.g.*, *Suzion Wind Energy Corp. v. Shippers Stevedoring Co.*, 2008 WL 686206, at *21 (S.D. Tex. Mar. 7, 2008).

Here, Frontier has made no such allegation and there are no factual allegations supporting such a claim. Frontier's complaint contains only two factual allegations regarding Huntleigh: (1) that "Frontier contracted with Huntleigh to provide services for Frontier customers using wheelchairs at various airports in the United States, including [Austin-Bergstrom International Airport]" and (2) that the contract contained an indemnity clause. (Doc. 12 ¶ 27). Frontier's complaint contains no allegations regarding any alleged acts or omissions of Huntleigh. Frontier's contribution claim against Huntleigh, therefore, should be dismissed.

**5.     In the alternative, Frontier should be required to give Huntleigh a more definite statement of the basis of its claims against Huntleigh.**

The Court should dismiss all of Frontier's claims against Huntleigh under Rule 12(b)(6). In the alternative, the Court should require Frontier to file a more definite statement. FED. RULE CIV. PRO. 12(e). Specifically, Huntleigh requests that the Court order Frontier to provide specific information regarding (1) the specific contractual provision underlying its breach of contract claim, (2) the alleged damages Frontier has sustained relating to its breach of contract claim, and (3) the factual allegations supporting its contribution claim against Huntleigh.

## CONCLUSION

For the foregoing reasons, Huntleigh requests that the Court dismiss all of Frontier's claims under Rule 12(b)(6) or, in the alternative, provide a more definite statement of the basis of its claims against Huntleigh under Rule 12(e). Huntleigh further requests any relief to which it demonstrates it may be entitled to at law or in equity.

Respectfully submitted,

*/s/ George S. McCall*
GEORGE S. McCALL
State Bar No. 13344800
george.mccall@dbr.com

MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@dbr.com

**DRINKER BIDDLE & REATH LLP**

1717 MAIN STREET, SUITE 5400
DALLAS, TX 75201-7367
TELEPHONE: (469)-357-2545
FACMISILE: (469)-327-0860

**ATTORNEYS FOR THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION**

## CERTIFICATE OF SERVICE

On August 24, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ George S. McCall*
GEORGE S. McCALL