# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MAXINE WHITE,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **FRONTIER AIRLINES, INC.,** § | | |
| Defendant/Third Party Plaintiff, § | | |
| § | **CASE NO. 1:16-CV-1266(LY)** | |
| v. § | | |
| § | **JURY DEMAND** | |
| **THE AUSTIN FIRE DEPARTMENT,** § | | |
| **THE CITY OF AUSTIN AVIATION** § | | |
| **DEPARTMENT, AUSTIN-BERGSTROM** § | | |
| **INTERNATIONAL AIRPORT, THE** § | | |
| **CITY OF AUSTIN AND HUNTLEIGH** § | | |
| **USA CORPORATION,** § | | |
| Third Party Defendants. § | | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier") files this Answer in response to the allegations contained in Plaintiff's First Amended Complaint (the "Amended Complaint") in the above-entitled and numbered cause, and in support hereof respectfully states as follows:

### I.   DISCOVERY CONTROL PLAN

1. As to the allegations contained in Paragraph 1 of the Amended Complaint, Frontier would respectfully submit that discovery in this matter shall be conducted pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

### II.   PARTIES

2. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint. Therefore, the allegations are denied.

3. Frontier denies the allegations of Paragraph 3, except to admit that it is a Colorado corporation that conducts business, namely providing air travel transportation, in Travis County, Texas and has appeared in the above-entitled and numbered cause.

### III.     VENUE AND JURISDICTION

4. The allegations contained in Paragraph 4 of the Amended Complaint are statements of jurisdiction and venue. Frontier admits this Court has jurisdiction over the allegations by Plaintiff and that venue is proper in this Court. But, Frontier denies any other factual allegations contained therein.

### IV.     FACTUAL BACKGROUND

5. Frontier admits that Plaintiff was a customer with purchased tickets for travel on June 10, 2015, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Amended Complaint. Therefore, the remaining allegations are denied.

6. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint. Therefore, the allegations are denied.

7. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint. Therefore, the allegations are denied.

8. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint. Therefore, the allegations are denied.

9. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint. Therefore, the allegations are denied.

10. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint. Therefore, the allegations are denied.

11. Frontier denies the allegations of Paragraph 11 of the Amended Complaint.

12. Frontier denies the allegations of Paragraph 12 of the Amended Complaint.

13. Frontier denies the allegations of Paragraph 13 of the Amended Complaint.

## V. CAUSES OF ACTION

### A. NEGLIGENCE AND NEGLIGENCE PER SE

14. Frontier incorporates its responses in the foregoing paragraphs by reference.

15. Frontier denies the allegations of Paragraph 15 of the Amended Complaint.

16. Frontier denies the allegations of Paragraph 16 of the Amended Complaint.

17. Frontier denies the allegations of Paragraph 17 of the Amended Complaint.

18. Frontier denies the allegations of Paragraph 18 of the Amended Complaint.

19. Frontier denies the allegations of Paragraph 19 of the Amended Complaint.

20. Frontier denies the allegations of Paragraph 20 of the Amended Complaint.

21. Frontier denies the allegations of Paragraph 21 of the Amended Complaint.

### B. NEGLIGENT TRAINING AND SUPERVISION

22. Frontier denies the allegations of Paragraph 22 of the Amended Complaint.

23. Frontier denies the allegations of Paragraph 23 of the Amended Complaint.

24. Frontier denies the allegations of Paragraph 24 of the Amended Complaint.

### C. VICARIOUS LIABILITY – RESPONDENT SUPERIOR

25. Frontier denies the allegations of Paragraph 25 of the Amended Complaint.

### D. INFLICTION OF BODILY INJURY

26. Frontier denies the allegations of Paragraph 26 of the Amended Complaint.

27. Frontier denies the allegations of Paragraph 27 of the Amended Complaint.

### E. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

28. Frontier incorporates its responses in the foregoing paragraphs by reference.

29. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint. Therefore, the allegations are denied.

30. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint. Therefore, the allegations are denied.

31. Frontier denies the allegations of Paragraph 31 of the Amended Complaint.

### F. VIOLATION OF U.S. DEPARTMENT OF TRANSPORTATION REGULATIONS 14 C.F.R. § 382.95, 14 C.F.R. § 382.141

32. Frontier incorporates its responses in the foregoing paragraphs by reference.

33. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint. Therefore, the allegations are denied.

34. Frontier denies the allegations of Paragraph 34 of the Amended Complaint.

35. Frontier denies the allegations of Paragraph 35 of the Amended Complaint.

36. Frontier denies the allegations of Paragraph 36 of the Amended Complaint.

### G. VIOLATION OF CHAPTER 121, TEXAS HUMAN RESOURCES CODE, TEXAS ACCESSIBILITY STANDARDS

37. Frontier incorporates its responses in the foregoing paragraphs by reference.

38. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint. Therefore, the allegations are denied.

39. Frontier denies the allegations of Paragraph 39 of the Amended Complaint.

## VI. DAMAGES

40. Frontier incorporates its responses in the foregoing paragraphs by reference.

41. Frontier denies the allegations of Paragraph 41 of the Amended Complaint.

42. Frontier denies the allegations of Paragraph 42 of the Amended Complaint.

43. Frontier denies the allegations of Paragraph 43 of the Amended Complaint.

44. Frontier denies the allegations of Paragraph 44 of the Amended Complaint.

45. Frontier denies the allegations of Paragraph 45 of the Amended Complaint.

46. Frontier denies the allegations of Paragraph 46 of the Amended Complaint.

47. To the extent that Paragraph 47 of the Amended Complaint requires a response, Frontier denies the allegations of Paragraph 47 of the Amended Complaint.

## VII. CONDITIONS PRECEDENT

48. Frontier denies the allegations of Paragraph 48 of the Amended Complaint.

## VIII. JURY TRIAL

49. Frontier responds to Paragraph 49 of the Amended Complaint with its own demand for a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred inasmuch as Plaintiff's fault in the causation of her claimed injuries was greater than the fault, if any, of Frontier.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

### THIRD AFFIRMATIVE DEFENSE

3. Any injuries sustained by Plaintiff were as a result of the negligence and/or intentional conduct of entities or persons over whom Frontier had no control.

### FOURTH AFFIRMATIVE DEFENSE

4. Any amount that Plaintiff claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to the harm alleged.

### FIFTH AFFIRMATIVE DEFENSE

5. The Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

6. If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/or superseding causes, and not Frontier's alleged acts or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff failed to name a necessary party whose action and/or inactions caused or contributed to Plaintiff's alleged injuries and must be added as a party.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims against Frontier are barred inasmuch as the condition claimed by Plaintiff to be dangerous or defective was an open and obvious condition.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims against Frontier are barred inasmuch as the condition claimed by Plaintiff to be dangerous or defective was a de-minimus condition.

### TENTH AFFIRMATIVE DEFENSE

10. Frontier did not have actual or constructive notice of the allegedly dangerous or defective condition claimed by Plaintiff to have caused her injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims against Frontier are barred inasmuch as Plaintiff assumed the risk of her own actions or inactions in causing her own injuries.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims against Frontier are barred by Plaintiff's failure to mitigate her claimed damages from this incident.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to state a claim under the Americans with Disabilities Act of 1990.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to show that she is a qualifying protected member of the group protected under the Americans with Disabilities Act of 1990.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. No reasonable modification existed or was available to meet Plaintiff's requirements for accommodation under the Americans with Disabilities Act of 1990.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are estopped under the Americans with Disabilities Act of 1990 by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Frontier made a good faith effort to identify and provide a reasonable accommodation to Plaintiff pursuant to the Americans with Disabilities Act of 1990.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are estopped under the Americans with Disabilities Act of 1990 because the allegations against Defendant are outside the scope of the Act.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff failed to state a claim under 14 C.F.R. §§ 382.95 and 382.141.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff failed to show that she qualifies as a protected member of the group protected under 14 C.F.R. §§ 382.95 and 382.141.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. No reasonable modification existed or was available to meet Plaintiff's requirements for accommodation under 14 C.F.R. §§ 382.95 and 382.141.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims are estopped under 14 C.F.R. §§ 382.95 and 382.141 by the applicable statute of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Frontier made a good faith effort to identify and provide a reasonable accommodation to Plaintiff pursuant to 14 C.F.R. §§ 382.95 and 382.141.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are estopped under 14 C.F.R. §§ 382.95 and 382.141 because the allegations against Defendant are outside the scope of the Act.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff failed to state a claim under The Texas Human Resource Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff failed to show that she qualifies as a protected member of the group protected under The Texas Human Resource Code.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. No reasonable modification existed or was available to meet Plaintiff's requirements for accommodation under The Texas Human Resource Code.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are estopped under The Texas Human Resource Code by the applicable statute of limitations.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Frontier made a good faith effort to identify and provide a reasonable accommodation to Plaintiff pursuant to The Texas Human Resource Code.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiff claims are estopped under The Texas Human Resource Code because the allegations against Frontier are outside the scope of the Act.

Frontier reserves the right to add and rely upon such other and further defenses and cross-claims as may become apparent during the discovery of this action, and it reserves the right to amend its Amended Answer and other pleadings to assert such additional defenses and third party claims.

**WHEREFORE**, Defendant Frontier Airlines, Inc. demands judgment dismissing the above-entitled and numbered cause, along with costs and disbursements, and further, awarding all such other and further relief as the Court shall deem just, equitable, and proper.

Dated: September 8, 2017

        Respectfully submitted,

        BY: */s/ A. Lee Rigby*
            A. Lee Rigby
            State Bar No. 24029796
            Patrick J. Comerford
            State Bar No. 24096724

        **SMITH ROBERTSON, LLP**
        221 West Sixth Street, Suite 1100
        Austin, Texas 78701
        Telephone:  (512) 225-5800
        Facsimile: (512) 225-5838
        Email: lrigby@smith-robertson.com
        Email: pcomerford@smith-robertson.com

        **ATTORNEYS FOR DEFENDANT**
        **FRONTIER AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and I further certify that I have served the foregoing by email.

Mr. Joel A. Levine
Law Office of Joel A. Levine, PLLC
5407 Parkcrest Drive, Suite 300
Austin, Texas  78731
*joel@joelalevine.com*

George S. McCall
Matthew Clay Sapp
Drinker Biddle & Reath LLP
1717 Main St. - Ste 5400
Dallas, TX 75201
*george.mccall@dbr.com*
*matt.sapp@dbr.com*

Joanna Lippman Salinas
Fletcher, Farley, Shipman & Salinas, L.L.P.
1717 W. 6th Street, Suite 300
Austin, TX 78703
*Joanna.salinas@fletcherfarley.com*