# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:16-CV-1266-LY |
| | : | |
| FRONTIER AIRLINES, INC., | : | |
| | : | |
| Defendant and Third Party | : | Electronically Filed |
| Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| | : | |
| THE AUSTIN FIRE DEPARTMENT, THE CITY OF AUSTIN AVIATION DEPARTMENT, AUSTIN-BERGSTROM INTERNATIONAL AIRPORT, THE CITY OF AUSTIN, AND HUNTLEIGH USA CORPORATION., | : | |
| | : | |
| Third Party Defendants. | | |

## THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION'S MOTION TO DISMISS FRONTIER'S AMENDED THIRD PARTY COMPLAINT

Third Party Plaintiff Frontier Airlines, Inc. asserts claims for breach of contract, contractual indemnity, and contribution against Huntleigh in its amended third-party complaint. Frontier's factual allegations are still insufficient to support its claims against Huntleigh. All of Frontier's claims against Huntleigh, therefore, should be dismissed. *See* FED. RULE CIV. PRO. 12(b)(6).

## ARGUMENT AND AUTHORITIES

A plaintiff's complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). For a complaint to be sufficient it must: "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Brown v. Whitcraft*, 2008 WL 2066929, at *2 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (quoting *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). Stated differently, a plaintiff must plead sufficient facts "to raise a right to relief above the speculative level." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**1.    Frontier failed to allege sufficient facts to support a breach of contract claim against Huntleigh.**

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

Frontier's complaint still does not have attached to it and does not incorporate by reference any contract between it and Huntleigh, nor does it describe how Huntleigh allegedly breached any specific provision of a contract. Frontier has attached a set of invoices generated by Huntleigh during 2015 and sent to Frontier for "wheelchair/supv." Frontier alleges that these invoices "show a written agreement with Huntleigh to provide services for Frontier customers using wheelchairs at ABIA" and "establish a contractual relationship" between Frontier and Huntleigh. (Doc. 32, at ¶ 38-39).

To the extent that Frontier is alleging that these invoices constitute a written contract between Frontier and Huntleigh, Frontier is asking too much from these invoices. While Texas courts have held that a signed invoice can constitute a contract for payment of the invoice, no Texas court has held that an invoice merely showing time spent and the amount owed constitutes a written contract between the parties for the performance of the underlying work. The invoices contain no terms of the alleged agreement between Frontier and Huntleigh and Frontier points to no other documents containing the terms of the alleged contract. Also, Frontier still fails to point to any alleged term of the contract that Huntleigh breached. Frontier's complaint, therefore, fails to state a claim for breach of a written contract against Huntleigh. *See Ladjevardian v. TD Ameritrade, Inc.*, 2013 WL 6709051, at *2 (S.D. Tex. Dec. 18, 2013)(holding that complaint that did not have attached to it and did not incorporate by reference any contract between the parties or describe how the defendant allegedly breached any specific provision of the contract failed to state a claim for breach of contract).

To the extent that Frontier is alleging an oral contract between itself and Huntleigh, its allegations are insufficient to support such a claim. Frontier's amended third-party complaint alleges that Huntleigh provided wheelchair services to Frontier and other airlines at the Austin Airport in 2015 and billed Frontier for wheelchair services. Based on these allegations, Frontier asserts that Huntleigh must have provided wheelchair services to White. There are no allegations regarding what "wheelchair services" encompasses or what the specific terms of any alleged oral contract between Frontier and Huntleigh were or when they entered into any oral contract regarding such. Nor are there any allegations regarding what specific services Frontier alleges Huntleigh provided to White and what alleged term of the contract Huntleigh breached in providing these services.

Frontier specifically asserts that Huntleigh "breached its duties . . . when they failed to safely transport Ms. White . . . from the airport terminal to the aircraft safely." (Doc. 32, at ¶ 45). But there are no factual allegations that Huntleigh ever made such an agreement. Nor are there any factual allegations about any acts or omissions made by Huntleigh in transporting White on the day of the incident at issue. Frontier alleges that the Austin Fire Department handled the portion of White's transportation at issue—the transportation of White from the tarmac to the plane—not Huntleigh. Frontier also attached an incident report detailing how the Austin Fire Department determined how to transport White to the plane and how Austin Fire Department personnel performed this task. There is no mention of Huntleigh being involved in any way in the incident report and there are no factual allegations in Frontier's amended third-party complaint that Huntleigh was involved in the transportation of White from the tarmac to the plane in any way. In fact, there are no allegations that any Huntleigh employee was even present when the Austin Fire Department performed this task.

Frontier alternatively asserts that Huntleigh "breached its duties . . . when they failed to provide the necessary required equipment to safely transport Ms. White . . . from the airport terminal to the aircraft." (Doc. 32, at ¶ 46). Frontier specifically alleges that the Austin Airport had a duty to provide this equipment and attached its contract with the Austin Airport highlighting the specific provisions on this issue. There are no factual allegations that Huntleigh agreed to provide any such equipment or was required to under the alleged contract. Frontier's factual allegation that Huntleigh provided "wheelchair services" for Frontier (among others) at the Austin Airport cannot support this assertion.

Lastly, Frontier alternatively asserts that Huntleigh "breached its duties . . . when they failed to stop an improper transport of Ms. White . . . from the airport terminal to the aircraft . . . ." (Doc. 32, at ¶ 47). Again, according to Frontier's amended third-party complaint, the Austin Fire Department handled the portion of White's transportation at

issue—the transportation of White from the tarmac to the plane. There are no allegations that any Huntleigh employee was even present when the Austin Fire Department performed this task. Nor are there any allegations that a Huntleigh employee would have had the duty or the authority to direct or supervise the work of the Austin Fire Department personnel on the scene. Under Texas law, there is generally no duty to control the conduct of others. *Texas Home Management, Inc. v. Peavy*, 89 S.W.3d 30, 33 (Tex. 2002). Texas courts have recognized exceptions based on certain special relationships between an actor and another but there are no allegations of any such relationship between Huntleigh and the Austin Fire Department here. *See id.*

Further, Frontier still fails to identify any damages it allegedly sustained as a result of a breach. Frontier's complaint bases its breach of contract claim on multiple conditions precedent. First, its breach of contract claim is conditioned on it being "found liable to [White]." Second, its breach of contract claim is conditioned on its potential liability to White "accru[ing] as a result of a breach of the contractual relationship between Frontier and Huntleigh by third-party defendant Huntleigh." Frontier's complaint does not allege that it has actually sustained any damages based on an alleged breach of contract by Huntleigh at this time. Instead, it asserts a claim for speculative or theoretically possible damages depending on a number of unknowns based on an unidentified breach of an unidentified contract provision. Frontier's breach of contract claim against Huntleigh, therefore, should be dismissed.

**2.     Frontier failed to allege sufficient facts to support a contractual indemnity claim against Huntleigh.**

There are five elements of a contractual indemnity claim under Texas law: (1) a contractual indemnity agreement exists; (2) the indemnity agreement obligates one party to indemnify the other for particular claims; (3) those claims were made; (4) all conditions precedent for recovery have occurred or been waived or excused; and (5) the

party seeking relief has been damaged. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (citing *Ford v. Aetna Ins. Co.*, 394 S.W.2d 693 (Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.)).

Frontier fails to allege that a contractual indemnity agreement between itself and Huntleigh even exists in its amended third-party complaint. In its original third-party complaint, Frontier included a quote of an alleged contractual indemnification clause between Frontier and Huntleigh in the alleged written contract between Frontier and Huntleigh. No written contract has been brought forth and Frontier no longer appears to be alleging that it has a written contract with an indemnity provision with Huntleigh that applies to the underlying claims.

The only mention of a contractual indemnification agreement in Frontier's amended third-party complaint is a footnote alleging that Frontier and Huntleigh have entered into contracts "at other US Airports" that contain such agreements. (Doc. 23, at FN 1). Contracts for other airports have no bearing on the issues in this case.[1] There are no allegations of a contractual indemnity agreement between Huntleigh and Frontier that applies to the underlying claims and the invoices that Frontier alleges show a written agreement between itself and Huntleigh do not contain any indemnity provision.

---

[1] As discussed in Huntleigh's Motion to Dismiss Frontier's original third-party complaint, the alleged language of the indemnity provision in these other contracts is insufficient to support Frontier's contractual indemnity claim anyway. White's petition alleges negligence by Frontier and its employees; it does not allege any negligence on the part of Huntleigh or mention Huntleigh in any way. (Doc. 12, Ex. A). Nor does White's petition expressly allege that Frontier is liable for any alleged negligence of Huntleigh. (*See id.*). In short, White has only sued Frontier for Frontier's own alleged negligence, not for the negligence of Huntleigh. The alleged indemnification provision only agrees to indemnify Frontier for losses arising out of Huntleigh's acts or omissions. Under Texas law, indemnity provisions that do not clearly provide for indemnification for the indemnitee's own negligence do not, as a matter of law, indemnify the indemnitee for its own negligence. *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705, 708 (Tex. 1987).

Further, Frontier alleges that it merely had a contractual relationship with Huntleigh. Under Texas law, a contractual relationship does not give rise to vicarious liability. *See LTV Energy Prod. Co. v. Chaparral Inspection Co.,* 827 S.W.2d 593, 595 (Tex. App.—Houston [1st. Dist.] 1992, pet. denied). White's vicarious liability claims against Frontier, therefore, have no bearing on Huntleigh. Thus, there is no basis for any claim by Frontier that it has been sued for Huntleigh's negligence here.

Even so, Frontier's complaint still fails to state a claim for contractual indemnity because Frontier still fails to allege that claims subject to an indemnity agreement have been made or that all conditions precedent for recovery have occurred or been waived or excused. (*See* Doc. 32, at ¶ 66-64). Frontier simply re-alleges that "Huntleigh breached its contract." (Doc. 32, at ¶ 63). Frontier's claim for contractual indemnity against Huntleigh should, therefore, be dismissed for failing to properly allege all of the elements to state a claim for contractual indemnity. *See AXA Corp. Solutions v. Lectrus Corp.*, 2016 WL 6601049, at *3 (S.D. Tex. Nov. 8, 2016)(holding that contractual indemnity claim must be dismissed when plaintiff fails to allege key elements of the claim such as that all conditions precedent for recovery have occurred or been waived or excused).

**3.     Frontier failed to allege sufficient facts to support its contribution claim.**

To assert a contribution claim, a defendant generally needs to allege that some or all of the damages incurred by the underlying plaintiff were due to the negligent conduct of the third party and include factual allegations supporting that claim. *See*, *e.g.*, *Suzion Wind Energy Corp. v. Shippers Stevedoring Co.*, 2008 WL 686206, at *21 (S.D. Tex. Mar. 7, 2008).

Here, Frontier has still failed to include factual allegations supporting its claim that some or all of the damages incurred by the underlying plaintiff were due to the negligent conduct of Huntleigh. Frontier's complaint contains no allegations regarding any alleged acts or omissions of Huntleigh in regards to any services provided to White. Further, Frontier's detailed factual allegations in its amended third-party complaint and its attachments to it show that Huntleigh had no involvement with the transportation of White from the tarmac to the plane—this was done by the Austin Fire Department per its own plan—and also show that any necessary equipment that may not have been available was the responsibility of the Austin Airport.

Frontier's amended third-party complaint simply alleges that Huntleigh provided "wheelchair services" for Frontier and other airlines at the Austin Airport. There are no allegations as to what this entailed or what role, if any, Huntleigh had in the underlying incident. Frontier's contribution claim against Huntleigh, therefore, should be dismissed.

## CONCLUSION

For the foregoing reasons, Huntleigh requests that the Court dismiss all of Frontier's claims under Rule 12(b)(6). Frontier had two months from the time Huntleigh filed its original motion to dismiss and the time Frontier filed its amended third-party complaint to investigate its claims against Huntleigh and locate any supporting facts or documents. Frontier has failed to locate any supporting facts or documents in that time. Despite the fact that Frontier's original and amended third-party complaints contain detailed factual allegations about the incident at issue, Frontier has failed again to state the required factual allegations to properly state a claim against Huntleigh. Frontier's detailed factual allegations instead focus on the actions of other parties. Huntleigh, therefore, requests that Frontier's claims against it be dismissed with prejudice. Huntleigh further requests any relief to which it demonstrates it may be entitled to at law or in equity.

Respectfully submitted,

*/s/ George S. McCall*
GEORGE S. McCALL
State Bar No. 13344800
george.mccall@dbr.com

MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@dbr.com

**DRINKER BIDDLE & REATH LLP**

1717 MAIN STREET, SUITE 5400
DALLAS, TX 75201-7367
TELEPHONE: (469)-357-2545
FACMISILE: (469)-327-0860

**ATTORNEYS FOR THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION**

## CERTIFICATE OF SERVICE

On November 1, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ George S. McCall*
GEORGE S. McCALL