## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:16-CV-1266-LY |
| | : | |
| FRONTIER AIRLINES, INC., | : | |
| | : | |
| Defendant and Third Party | : | Electronically Filed |
| Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| | : | |
| THE AUSTIN FIRE | : | |
| DEPARTMENT, THE CITY OF | : | |
| AUSTIN AVIATION | : | |
| DEPARTMENT, AUSTIN- | : | |
| BERGSTROM INTERNATIONAL | : | |
| AIRPORT, THE CITY OF AUSTIN, | : | |
| AND HUNTLEIGH USA | : | |
| CORPORATION., | : | |
| | : | |
| Third Party Defendants. | | |

## THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FRONTIER'S AMENDED THIRD PARTY COMPLAINT

Frontier's response to Huntleigh's motion to dismiss its amended complaint is curious. Frontier argues that it has sufficiently alleged Frontier had "a written agreement" with Huntleigh, and even argues that it quoted specific language from the alleged "written agreement" to support its contractual indemnity claim in its amended complaint. Yet in the affidavit attached to its improperly filed second amended complaint[1], Frontier directly and clearly states, "Frontier has been unable to locate the written agreement between

---

[1] Frontier already amended its complaint in response to Huntleigh's motion to dismiss its original third-party complaint. Therefore, Frontier is required to obtain leave of Court for any further amendments. FED. R. CIV. P. 15(a)(2). Frontier did not request, much less obtain, leave of Court before filing its second amended complaint.

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                **Page 1**

Frontier and Huntleigh for the wheelchair services that Huntleigh provided to Frontier's customers at AUS which was in effect on the date of the alleged incident." (Doc. 39-4, ¶ 10). If Frontier has not been able locate an applicable written contract when it has been looking for it for six months, how can it maintain a claim against Huntleigh for breach of a written contract? Further, how is it quoting specific language from the alleged written contract that it has not found and is not even sure exists?

Frontier also mischaracterizes Huntleigh's arguments as seeking evidence at this stage. Huntleigh's arguments are very clear and simple. Frontier has failed to include the required factual allegations to maintain any of its claims against Huntleigh. As Frontier's amended complaint stands, it seeks to assert (1) a breach of contract claim based on a contract Frontier cannot find and has not articulated any terms of, (2) a contractual indemnity claim based on contractual indemnity provisions from other contracts that admittedly do not apply here, and (3) a contribution claim based on an alleged breach of the unspecified terms of a contract that has not been found. All of Frontier's claims hinge on the terms of the alleged contract. Under the law, Frontier is required to include factual allegations regarding what those terms are. Frontier has had two attempts to do so and has failed. Frontier's claims against Huntleigh appear to be placeholders in hopes of locating a contract that Frontier hopes exists rather than based on a specific contract Frontier knows exists and applies.

1.    **Frontier has acknowledged that it has not found any applicable written contract.**

Frontier does not argue that it had an oral contract with Huntleigh; it only argues that it had a written contract with Huntleigh. Yet, as mentioned above, Frontier submitted an affidavit to the Court stating that it has not actually been able to find any written contract between Frontier and Huntleigh applicable to the underlying claims. (Doc. 39-4, ¶ 10).

This statement was made in an attachment to a pleading. It, therefore, can be considered here. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Frontier's unambiguous admission that it has not actually been able to locate any applicable written agreement between itself and Huntleigh undercuts its allegation that such a contract exists. Frontier first asserted its breach of written contract claim against Huntleigh in June 2017. It is now December 2017. Frontier has, therefore, had over six months to locate the alleged contract. To date, Huntleigh has also been unable to locate any such contract.

Even so, Frontier's breach of contract claim fails because Frontier failed to allege the materials terms of the alleged contract as explained in Huntleigh's motion. The only factual allegation regarding the alleged terms of the contract are that Huntleigh would provide "wheelchair services." That merely provides the subject matter of the alleged contract; it does not provide any material terms of the contract. Frontier's amended complaint contains no factual allegations as to what "wheelchair services" means or what the parties specifically agreed to do. Rather, Frontier's complaint simply asserts that Huntleigh failed to do various things. There are no factual allegations that Huntleigh ever agreed to do any of these things or that these items (such as providing special equipment for tarmac boarding or transporting passengers from the tarmac to a plane) were material terms of the alleged contract.[2]

In its response, Frontier argues that Huntleigh "was required to perform wheelchair services which comport with industry standards and all Federal, State, local and airport rules and regulation in accordance with the criterion set forth in 14 CFR 382." (Doc. 40, ¶ 7). There is no mention of this in Frontier's amended complaint and no allegation that Huntleigh agreed to perform wheelchair services per these terms or any other terms. That

---

[2] Regarding Frontier's argument that Huntleigh could have had a duty to control members of the Austin Fire Department based on a special relationship, this argument is a non-starter. There is no allegation that Huntleigh had any sort of relationship with the Austin Fire Department, contractual or otherwise.

is one of Frontier's amended complaint's primary defects. It simply alleges that there is a written agreement but fails to include any allegations regarding the terms of the agreement.

Considering Frontier's acknowledgement that it has not been able to locate any applicable written contract, it is understandable why it has not pleaded any factual allegations regarding the materials terms of the alleged contract. Without the written contract or knowing if there even is one, how could it? Under the law, though, Frontier cannot bring a claim for breach of contract without either having the alleged contract and attaching it or, at a minimum, pleading sufficient factual allegations as to the material terms of the alleged contract. Frontier has had six months and multiple chances to do so but has been unable to do either.

Huntleigh should not be forced to incur attorneys' fees and expend resources defending itself in this suit while Frontier searches for a potential written contract that it hopes exists to support its placeholder claims. Frontier's breach of contract claim should therefore be dismissed.

**2.      Frontier's contractual indemnity claim is frivolous.**

Frontier argues that it has quoted an alleged contractual indemnity claim that is applicable to the underlying claims at issue here and can therefore maintain a claim for contractual indemnity. But Frontier admits that it has not actually been able to find any written contract between Frontier and Huntleigh applicable to the underlying claims. (Doc. 39-4, ¶ 10). And its amended complaint acknowledges that the quoted language is from contacts pertaining to "other airports" that are not applicable to the underlying incident. (Doc. 32, n. 1).

Simply put, the quoted language that Frontier represents supports this claim is completely irrelevant. It is language from alleged other contracts that Frontier admits do not apply to the underlying claims. If Frontier has not been able to find any applicable

written contract, how can it say there is an applicable contractual indemnity clause at all, much less provide the specific language of such a clause?

This is another placeholder claim. Frontier hopes to find an applicable written contract and it hopes that that contract contains an indemnity clause.

In short, Frontier has failed to allege sufficient factual allegations that there was a contractual indemnity agreement between Frontier and Huntleigh that applies to the underlying claims. Frontier's allegations that it has entered into contracts at other airports containing indemnity provisions is neither here nor there. Any alleged contracts between Huntleigh and other entities beside Frontier are also completely irrelevant. Frontier's contractual indemnity claim is purely speculative and frivolous and must, therefore, be dismissed.

**3.      Frontier has not asserted a common law indemnity claim against Huntleigh.**

Frontier's response argues that it pleaded sufficient facts to support a common law indemnity claim against Huntleigh. No such claim was made against Huntleigh. While Frontier included such a claim in its original third-party complaint, it removed this claim in its amended third-party complaint. (*See* Doc. 32).

**4.      Frontier's contribution claim falls with its breach of contract claim.**

Frontier's contribution claim is dependent on its breach of contract claim. Frontier does not allege that Huntleigh owed Plaintiff any duty outside of a duty imposed by the alleged written contract. Nor does Frontier allege that Huntleigh actually had any contact with Plaintiff on the day of the incident or that any Huntleigh employee was present at the time of the underlying incident. Frontier's contribution claim, therefore, falls with its breach of contract claim. If there is no contract, Huntleigh had no possible duty to White under Frontier's allegations.

**CONCLUSION**

Despite the fact that Frontier's original and amended third-party complaints contain detailed factual allegations about the incident at issue, Frontier has failed to state the required factual allegations to properly state a claim against Huntleigh. Frontier has had two opportunities to plead the required factual allegations regarding the terms of the alleged written contract that all of Frontier's claims against Huntleigh are based on and has failed to do so. Further, Frontier has admitted that it has not actually been able to locate an applicable written contract. Frontier's claims against Huntleigh appear to be placeholders in hopes of locating an applicable contract rather than based on a specific contract that Frontier is aware of.

Huntleigh should not be forced to incur attorneys' fees and expend resources conducting discovery and defending itself in this suit while Frontier searches for a contract that may or may not exist to support its placeholder claims. Frontier is required to be aware of a specific contract and is required to plead the material terms of the contract to maintain its claims. It has failed to do so on multiple occasions now.

Huntleigh, therefore, requests that Frontier's claims against it be dismissed with prejudice. Huntleigh further requests any relief to which it demonstrates it may be entitled to at law or in equity.

Respectfully submitted,

/s/ George S. McCall
GEORGE S. McCALL
State Bar No. 13344800
george.mccall@dbr.com

MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@dbr.com

**DRINKER BIDDLE & REATH LLP**

1717 MAIN STREET, SUITE 5400
DALLAS, TX 75201-7367
TELEPHONE: (469)-357-2545
FACMISILE: (469)-327-0860

**ATTORNEYS FOR THIRD PARTY
DEFENDANT HUNTLEIGH USA
CORPORATION**

**CERTIFICATE OF SERVICE**

On December 5, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ George S. McCall
GEORGE S. McCALL