**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MAXINE WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:16-CV-1266-LY |
| | : | |
| FRONTIER AIRLINES, INC., | : | |
| | : | |
| Defendant and Third Party | : | Electronically Filed |
| Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| | : | |
| THE AUSTIN FIRE | : | |
| DEPARTMENT, THE CITY OF | : | |
| AUSTIN AVIATION | : | |
| DEPARTMENT, AUSTIN- | : | |
| BERGSTROM INTERNATIONAL | : | |
| AIRPORT, THE CITY OF AUSTIN, | : | |
| AND HUNTLEIGH USA | : | |
| CORPORATION., | : | |
| | : | |
| Third Party Defendants. | | |

**THIRD PARTY DEFENDANT HUNTLEIGH USA
CORPORATION'S RESPONSE TO FRONTIER AIRLINE'S
MOTION FOR LEAVE TO JOIN AN ADDITIONAL PARTY**

Huntleigh is not opposed to Frontier adding Flight Services & Systems, Inc. as an additional party to this suit or to Frontier amending its third-party complaint to include factual allegations and causes of action against FSS. Huntleigh could not consent to this motion because Frontier is also seeking to add additional factual allegations against Huntleigh in an attempt to avoid dismissal of all of its causes of action against Huntleigh.

Huntleigh has a motion to dismiss all of Frontier's claims against it pending with the Court. (Doc. 33). Huntleigh initially moved to dismiss Frontier's original third-party complaint. (Doc. 22). In response, Frontier amended its complaint as a matter of course.

(Doc. 32). Under the Federal Rules of Civil Procedure, one amendment as a matter of course is provided for. FED. RULES OF CIV. P. 15(a)(1)(B). Any further amendments require consent of all parties or leave of court. *Id.* at 15(a)(2).

After Huntleigh reasserted its motion to dismiss based on Frontier's still deficient amended third-party complaint, Frontier filed an alleged second amended third-party complaint along with its response. (Docs. 33, 39, and 40). Frontier did not request, much less secure, leave of Court to file its second amended third-party complaint. Nor did Frontier secure consent from all parties. Frontier's alleged second amended complaint is, therefore, void and should be struck.

Frontier now seeks to amend its third-party complaint to add FSS but has requested permission to amend its improperly filed second amended third-party complaint and has stated to Huntleigh that it intends to include additional factual allegations regarding Huntleigh in its proposed newly amended third-party complaint.

Frontier had months to develop its allegations against Huntleigh prior to filing its original third-party complaint. It then had two more months to continue developing its allegations in light of Huntleigh's motion to dismiss before it amended its third-party complaint as a matter of course. The amendments must end somewhere. As discussed in Huntleigh's reply in support of its motion to dismiss Frontier's amended third-party complaint, Frontier has only asserted claims against Huntleigh based on an alleged contract yet Frontier has admitted to the Court that it has not been able to find any such contract. (Doc. 41). Frontier should not be permitted to continually amend its complaint and add new allegations in hopes of resuscitating its claims against Huntleigh.

Frontier has offered no reason or justification for why it needs to amend its allegations against Huntleigh a second time. Nor has it shown why it could not have included any of its proposed additional allegations in its original or amended third-party complaint. The

only alleged new development is Frontier's admission that it has not actually been able to locate any relevant contract in support of its claims against Huntleigh.

Frontier should not be permitted to keep amending its allegations against Huntleigh simply to string its claims against Huntleigh along in hopes of locating a contract that could potentially support them.  More importantly, Huntleigh should not be forced to incur attorneys' fees and expend resources conducting discovery and defending itself in this suit while Frontier searches for a contract that may or may not exist.

Huntleigh, therefore, requests that Frontier be limited to adding only new factual allegations and causes of action against FSS in its requested amended third-party complaint. Huntleigh further requests any relief to which it demonstrates it may be entitled to at law or in equity.

Respectfully submitted,

*/s/ George S. McCall*
GEORGE S. McCALL
State Bar No. 13344800
george.mccall@dbr.com

MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@dbr.com

**DRINKER BIDDLE & REATH LLP**

1717 MAIN STREET, SUITE 5400
DALLAS, TX 75201-7367
TELEPHONE: (469)-357-2545
FACMISILE: (469)-327-0860

**ATTORNEYS FOR THIRD PARTY DEFENDANT HUNTLEIGH USA CORPORATION**

## CERTIFICATE OF SERVICE

On December 20, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>     */s/ George S. McCall*
>     GEORGE S. McCALL