IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MAXINE WHITE, § § Plaintiff, § § v. § § FRONTIER AIRLINES, INC., § § Defendant and Third-Party Plaintiff, § § v. § § THE AUSTIN FIRE DEPARTMENT, THE CITY OF AUSTIN AVIATION DEPARTMENT, AUSTIN-BERGSTROM INTERNATIONAL AIRPORT, THE CITY OF AUSTIN AND HUNTLEIGH USA CORPORATION, § § § § § § § § § Third-Party Defendants. § | CASE NO. 1:16-CV-1266(LY) |

### FRONTIER'S REPLY IN SUPPORT OF ITS
### MOTION FOR LEAVE TO JOIN AN ADDITIONAL PARTY

Defendant/ Third-Party Plaintiff Frontier Airlines, Inc. ("Frontier") files this Reply in Support of its Opposed Motion for Leave to Join an Additional Party, and in support hereof respectfully states as follows:

### I.
### INTRODUCTION

1. Frontier's Motion should be granted because: (1) despite Frontier's exhaustive and diligent effort, it could not have met the July 21, 2017 pleading amendment deadline to add Flight Services & Systems ("FSS") as a party; (2) no party will suffer any prejudice through

Frontier's addition of FSS[1], (indeed, Plaintiff and Third-Party Defendants Austin Fire Department ("AFD"), the City of Austin Aviation Department (the "Aviation Department"), the Austin-Bergstrom International Airport ("ABIA"), and the City of Austin (collectively referred to herein as "the City"), have consented to the current motion); and (3) justice requires leave be granted in order to add a party to this complex litigation where four separate entities may share responsibility and are necessary parties to determine liability, if any.

## II.
## ARGUMENT

2.  A recent case decided this month from the Northern District of Texas, *Mauer v. Wal-Mart Stores, Inc.*, No. 16-CV-2085-BN, 2017 WL 6406619 (N.D. Tex. Dec. 15, 2017), is instructive here.

3.  In *Mauer*, Plaintiff sought to amend her complaint against the same defendant after the deadline to amend had passed, but also, significantly, after the discovery deadline expired, after the dispositive motion deadline had expired, with a summary judgment motion both briefed and argued, and with trial just a handful of months away.

4.  Judge Horan first made a determination if good cause was shown for the delay and then in allowed leave for certain amendments to the complaint, while denying others, even at that late date recognizing that there is a "strong presumption in favor of granting leave to amend" *Id.* at *3.

### Frontier Made a Diligent Effort and Has Demonstrated Good Cause for the Delay

5.  Here, it is undisputed that Frontier did a diligent and exhaustive search and identified a necessary new party. Frontier's investigation of the claims by Plaintiff established

---

[1] Frontier filed the current motion (Doc. 42) on December 13, 2017, pre-dating depositions, the discovery cut-off (February 28, 2018), the dispositive motion cutoff (March 9, 2018), and is pending more than ten months before trial (November 18, 2018) citing Scheduling Order (Doc. 10).

that there were a number of necessary parties who may have owed a duty to Plaintiff during her transport by wheelchair from the terminal to the aircraft. Frontier originally focused on the City and FSS, even tendering its defense and indemnification to FSS on June 23, 2017 (*See* Exhibit A). However, FSS declined to accept the tender, citing a lack of specific information while providing information that FSS provided no wheelchair services at ABIA and that Huntleigh was responsible for wheelchair services on the day of incident.

6. Based on this good-faith investigation, Frontier brought a timely third party action against the City and Huntleigh on July 21, 2017. Since that pleading, Huntleigh has brought two Motions to Dismiss. In response, Frontier has produced: (1) the incident documentation from ABIA obtained through Frontier's own FIOA search; (2) a year's worth of contemporaneous Huntleigh invoices, (3) an affidavit by its Director of Ground Handling Contracts explaining the relationship between Huntleigh and Frontier at other airports and at ABIA, and, most recently, (4) emails between FSS and Frontier that were not specific to the incident that surfaced explaining the confluence of obligations and responsibilities at ABIA for wheelchair passengers at non-ramp gates during the Summer of 2015.

7. Frontier produced all of the above during this pleading stage of this case in an effort to further define and explain the allegations in its third-party action against Huntleigh. It was not until these emails were discovered in preparing the opposition to the Motion to Dismiss did the added role of FSS become apparent, that FSS provided gate handling services to Frontier as well. Again, these emails would not have surfaced respective to Plaintiff's specific case but were found searching for more general vendor relationship emails that explained the overlapping nature of services at ABIA.

8. At the time of the deadline to amend, FSS had declined Frontier's tender under its contract and pointed at Huntleigh as the responsible party for wheelchair services. It would be several months before Frontier uncovered emails explaining FSS's full role and the need to add FSS as a party. Frontier made a diligent and exhaustive effort to identify necessary parties in a timely manner.

### There is No Prejudice to Huntleigh

9. Frontier's Third Amended Third Party Complaint does not prejudice Huntleigh. It simply provides more facts not new theories of liability. Indeed, Huntleigh's opposition is devoid of any mention of any prejudice, as well as being devoid of any legal citation, nor a denial that a contract exists between Frontier and Huntleigh. As stated above, discovery is not closed and actually has not even begun in the underlying action. There is no legitimate argument that Huntleigh could be surprised by some theory of liability to which it was not afforded an adequate opportunity to pursue discovery.

### "Justice so requires"

10. Frontier's Motion should be granted to add FSS "to facilitate a determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Mauer* citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

11. There are four parties that may share multiple responsibilities related to plaintiff's allegations. Without admitting any liability for any of the allegations, all four parties are necessary to the litigation to pursue discovery and responsibility for damages, if any.

12. *Mauer* also cites to *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) stating "leave to amend is to be granted liberally unless the movant has acted

in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." Huntleigh makes none of these arguments because none of them are present under these facts. Again, Huntleigh does not even assert a denial that a contract exists but just that Frontier cannot find it. Once the pleading stage ends and discovery stage begins, Frontier believes both written discovery and sworn testimony will show that a contractual relationship existed between Huntleigh and Frontier at ABIA as it does in boilerplate form at several other airports and as it does with several other airlines at ABIA.

13. The addition of FSS and the discovery phase of this case will establish the acts, omissions, and proportionate responsibility of the third-party defendants, including Huntleigh and FSS. Therefore, Frontier would submit that both principles of law and equity should allow Frontier leave to join FSS in this action and designate it as a responsible third-party defendant pursuant to Federal Rule of Civil Procedure 14.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/ Third-Party Plaintiff Frontier Airlines, Inc. prays for leave to join Third-Party Defendant FSS through filing the Third Amended Third-Party Complaint and for such other and further relief, at law or in equity, to which the parties may be justly entitled.

DATED: December 27, 2017

                        Respectfully submitted,

                        By: */s/ Patrick J. Comerford*
                              Patrick J. Comerford, Esq.
                              State Bar No. 24096724

**SMITH ROBERTSON, LLP**
221 West 6th Street, Suite 1100
Austin, Texas 78701
p: (512)-225-5810
f: (512)-225-5838
pcomerford@smith-robertson.com

**ATTORNEY FOR DEFENDANT/THIRD-PARTY PLAINTIFF FRONTIER AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joel A. Levine
Law Offices of Joel A. Levine, PLLC
5407 Parkcrest Drive, Suite 300
Austin, Texas 78731
*joel@joelalevine.com*

Mr. George S. McCall
Mr. Matthew Clay Sapp
Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
george.mccall@dbr.com
*matt.sapp@dbr.com*

Joanna Lippmann Salinas, Esq.
Fletcher, Farley, Shipman & Salinas, L.L.P.
1717 West 6th Street, Suite 300
Austin, Texas 78703
*joanna.salinas@fletcherfarley.com*