# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE | § | |
| | § | |
| V. | § | A-16-CV-1266-AWA |
| | § | |
| FRONTIER AIRLINES, INC., et al. | § | |

## ORDER

Before the Court are Huntleigh's Motion to Dismiss Frontier's Amended Third Party Complaint (Dkt. No. 33), Frontier's Response (Dkt. No. 40), and Huntleigh's Reply (Dkt. No. 41); Frontier's Motion for Leave to File Third Amended Complaint/Join Additional Party (Dkt. No. 42), Huntleigh's Response (Dkt. No. 43), and Frontier's Reply (Dkt. No. 44). The Court held a hearing on the above motions on April 24, 2018.

## I. GENERAL BACKGROUND

Maxine White brought this case against Frontier Airlines, Inc. (Frontier) after allegedly receiving injuries when boarding a Frontier aircraft at Austin-Bergstrom International Airport (ABIA). White alleged that she had a disability—a pre-existing back injury, nerve damage, and other health issues—that requires the use of a wheelchair. White and the other passengers were informed that a gate was unavailable to board the flight, and the passengers would be boarding from the tarmac. However, there was no handicap ramp or mechanical lift, and White was forced to board the plane through a "rescue chair." During this process, White alleges she suffered severe physical injuries, as well as mental and physical trauma. White thus filed this suit bringing a series of claims, including negligence and violations of the Americans with Disabilities Act (ADA), against Frontier. Dkt. No. 11.

After the case was removed to federal court, Frontier filed a Third Party Complaint, bringing in the City of Austin (named as a number of different departments) and Huntleigh USA Corporation. The complaint alleged claims for breach of contract, contractual indemnification, and contribution against each of the third party defendants for the series of events that allegedly led to White's injuries. Dkt. No. 12 at 7-11. Shortly after, Frontier filed an amended and second amended third party complaint, with substantially the same facts and claims. It additionally filed a motion to add Flight Services & Systems, Inc. (FSS) as a party to the lawsuit. Huntleigh has now moved to dismiss all claims against it.

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

2

III. ANALYSIS

Huntleigh filed its motion to dismiss, noting that neither Frontier nor Huntleigh have been able, afer months of searching, to locate the written agreement on which Frontier bases all its claims against Huntleigh. Frontier objects to this motion, contending that it need not provide a copy of the contract to survive a motion to dismiss. Frontier additionally moves for leave to file its Third Amended Third Party Complaint to join additional party Flight Services & Systems, Inc. (FSS). Huntleigh opposes this motion. The Court will address Huntleigh's Motion to Dismiss before moving to Frontier's motion for leave to add FSS.

**A.     Motion to Dismiss**

Huntleigh moves to dismiss the claims for breach of contract, contractual indemnification, contribution, and negligence on the basis that Frontier has been unable, after nearly a year of searching, to locate the contract on which each of these claims are based. Claims for breach of contract and contractual indemnity require the plaintiff to demonstrate the existence of a valid contract. *See Smith Int'l, Inc. v. Egle Grp., LLC*, 49 F.3d 380, 387 (5th Cir. 2007) (naming the elements required to prove a breach of contact claim); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (requiring that "a contractual indemnity agreement exist[]" between the two parties). Ordinarily, to survive a motion to dismiss a contractually-based claim, the plaintiff is not required to include the contract as an exhibit to its suit. *See Perrin v. Smith*, 2013 WL 12190190, at *2 (S.D. Tex. Apr. 9, 2013) ("The Federal Rules of Civil Procedure do not require Plaintiff alleging breach of contract to attach a copy of the contract in question to his Complaint."). Rather, the plaintiff must assert a plausible claim of the existence of a contract and the specific provisions alleged to have been breached. *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156,

3

160 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The situation here is different, however, as counsel for Frontier has stated on the record that after months of searching, it has been unable to locate the contract it contends supports all of its claims against Huntleigh. *See* Dkt. No. 42-1 at 7, 103; Digital recording of April 24, 2018 hearing at 10:36-35–40 ("Right. We don't have the original contract.").

In an attempt to address this deficiency, Frontier points to the existence of a number of other contracts with Huntleigh, both at ABIA and other airports, containing what Frontier claims are the same provisions as the missing agreement, and alleges this is sufficient to show a plausible claim of the existence of the missing contract. *Id.* at 10:32:35–55 (discussing the September 2017 renewal contract between Frontier and Huntleigh at ABIA); Dkt. No. 42-1 at 103, 107-17. Frontier also points to an invoice from the month of White's accident, reflecting payment to Huntleigh for "wheelchair services." Dkt. No. 42-1 at 94. This evidence, Frontier claims, should, at the very least, be enough to survive a motion to dismiss.

The Court disagrees. Frontier and Huntleigh have searched for nearly a year to find the contract necessary to all of Frontier's claims against Huntleigh, but have been unable to locate it. This is not a case where the parties agree that they entered into a written contract, but simply cannot find the writing. Digital recording of April 24, 2018 hearing at 10:26:19–33 ("[Huntleigh has] been looking, and in kind of response to that, I would say we would deny at this point that there is a contract because we have not been able to locate a contract. But based on the invoices, we would agree that there was clearly some sort of an arrangement or agreement."). Moreover, Frontier has not presented any case law to support its assertion that it would be able to proceed to trial without the written agreement; it merely argued that it was premature at this point to dismiss its claim for

4

failure to provide the written agreement. Digital recording of April 24, 2018, hearing at 10:39:40–40:40. Admittedly, the Court also could not find any cases addressing a motion to dismiss contract-based claims when the parties cannot produce a copy of the alleged contract. But given that it is clear that the case would have to be dismissed if the contract is not located, and given that the parties have spent a year searching—unsuccessfully—for the contract, Frontier's assertion that it is premature to dispose of the claims is unpersuasive.

Similarly, the claims for negligence and contribution should also fail. To prevail on a negligence claim a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Here, Frontier bases its claim that Huntleigh owed it a duty with regard to the loading of wheelchair-bound passengers from the tarmac is based on the terms of the agreement the parties have been unable to locate. Dkt. No. 42-1 at 19 ("Huntleigh was obligated to exercise due care in providing the wheelchair services pursuant to its contract with Frontier."). Frontier disputes this, contending that the invoices for wheelchair services are enough to evidence Hunleigh owing it a duty. Digital recording of April 24, 2018 hearing at 10:41:25–45. However, the invoices provided simply are not sufficient to state a plausible claim for negligence in this case. Frontier concedes that "wheelchair services" include moving customers within the airport, and that loading wheelchair-bound passengers onto planes is a special subset of "wheelchair services." Thus, the invoices alone are not enough to demonstrate that Huntleigh owed Frontier any duties with respect to Ms. White, but instead only show that Frontier paid Huntleigh for some kind of wheelchair services. Dkt. No. 42-1 at 94. Rather, where the duty that is breached is based on a written agreement, and this contract cannot be produced, the claim for negligence—and therefore also for contribution—fails.

5

Accordingly, the Motion to Dismiss (Dkt. No. 33) is **GRANTED**, but should Frontier locate the alleged contract, it may seek leave to refile its claims against Huntleigh. Therefore, all of Frontier's claims against Huntleigh are **DISMISSED WITHOUT PREJUDICE**, subject to refiling should the contract be located.

**B.     Motion to Join Additional Party**

Frontier also moves to join an additional party, FSS, to the lawsuit as a third party defendant. Frontier plans to assert the same claims against FSS as are asserted against the other third party defendants. Frontier claims that FSS was required to provide "ground services" for Frontier, which would include the services that caused White's injuries. In this complaint, Frontier has also added new facts against Huntleigh, and clarified that it is bringing a claim for negligence as part of its contribution claim. Huntleigh objected to the amended complaint; however, its objection was based solely on the additional facts and claim added in the complaint, which as addressed above, have been dismissed. Huntleigh's opposition is therefore moot. No other party having objected to FSS's joinder as an additional party, the Motion to Join Additional Party (Dkt. No. 42) is **GRANTED**. Frontier is **ORDERED** to file with the Clerk a Third Amended Third Party Complaint, without the allegations against Huntleigh, no later than June 20, 2018.

SIGNED this 13th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE