IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MAXINE WHITE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. A-16-CV-1266-AWA |
| | § | |
| **FRONTIER AIRLINES, INC.,** | § | |
| | § | JURY DEMAND |
| Defendant/Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **THE AUSTIN FIRE DEPARTMENT THE CITY OF AUSTIN AVIATION DEPT., AUSTIN-BERGSTROM INTERNATIONAL AIRPORT, THE CITY OF AUSTIN, AND FLIGHT SERVICES & SYSTEMS, INC.,** | § § § § § § § § | |
| Third-Party Defendants. | § | |

**THIRD-PARTY DEFENDANT FLIGHT SERVICES & SYSTEMS, INC.'S ANSWER
TO FRONTIER AIRLINES, INC.'S THIRD AMENDED THIRD-PARTY COMPLAINT**

   Third-Party Defendant Flight Services & Systems, Inc. ("FSS") files its Answer to Third-Party Plaintiff Frontier Airlines, Inc.'s Third Amended Third-Party Complaint ("Complaint") and would respectfully show the Court as follows:

          **I.  ANSWER TO COMPLAINT**

**A. JURISDICTION AND VENUE**

   1.  FSS admits that this Court has subject matter jurisdiction.  FSS further admits that Plaintiff Maxine White's ("Plaintiff") sought damages give this Court proper jurisdiction.  FSS denies that Plaintiff is entitled to any of her requested relief.

2. FSS admits that Third-Party Plaintiff Frontier Airlines, Inc.'s ("Third-Party Plaintiff") asserts the complaints identified in paragraph 2 of the Complaint and admits that this Court may exercise supplemental jurisdiction over a third-party complaint, but denies that Third-Party Plaintiff is entitled to such relief from FSS.

3. FSS admits Plaintiff alleges violation of the ADA and that this Court has jurisdiction over the federal questions raised by Plaintiff's Complaint but denies Plaintiff is entitled to the relief claimed in the allegations contained within paragraph 3 of the Complaint.

4. FSS admits the allegations contained within paragraph 4 of the Complaint.

### B. FRONTIER'S CLAIMS ARE NOT BARRED BY IMMUNITY

5. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 5 of the Complaint.

6. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 6 of the Complaint.

7. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 7 of the Complaint.

8. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 8 of the Complaint.

### C. PARTIES

9. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 9 of the Complaint.

10. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 10 of the Complaint.

11. FSS admits the allegations contained within paragraph 11 of the Complaint.

12. FSS admits the allegations contained within paragraph 12 of the Complaint.

13. FSS admits the allegations contained within paragraph 13 of the Complaint.

### D.    PROCEDURAL BACKGROUND

14. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to the relief requested in her Complaint as detailed in paragraph 14 of Third-Party Plaintiff's Complaint.

15. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to the relief requested in her Complaint as detailed in paragraph 15 of Third-Party Plaintiff's Complaint.

16. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to any relief requested in her Complaint as detailed in paragraph 16 of Third-Party Plaintiff's Complaint.

17. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to any relief requested in her Complaint as detailed in paragraph 17 of Third-Party Plaintiff's Complaint.

18. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to any relief requested in her Complaint as detailed in paragraph 18 of Third-Party Plaintiff's Complaint.

19. FSS admits the allegations contained within paragraph 19 of the Complaint.

20. FSS admits that Plaintiff's Complaint (ECF No. 1-2) contains such allegations but denies that Plaintiff is entitled to any relief requested in her Complaint as detailed in paragraph 20 of Third-Party Plaintiff's Complaint.

21. FSS admits the allegations contained within paragraph 21 of the Complaint.

22.     FSS admits the allegations contained within paragraph 22 of the Complaint.

E.   **FACTUAL BACKGROUND GIVING RISE TO THE THIRD PARTY ACTION**

   **i.   The City of Austin**

23.     FSS admits that the document identified in paragraph 23 of the Complaint states what it states.  FSS is without knowledge or information sufficient to form a belief about all other allegations made by Third-Party Plaintiff contained in paragraph 23 of the Complaint.

24.     FSS admits that the document identified in paragraph 24 of the Complaint is the best evidence of its contents.  FSS denies all other allegations contained in paragraph 24 of the Complaint.

25.     FSS admits that the document identified in paragraph 25 of the Complaint is the best evidence of its contents.  FSS denies all other allegations contained in paragraph 25 of the Complaint.

26.     FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 26 of the Complaint.

27.     FSS admits that Plaintiff makes such allegations in her Complaint but denies all other allegations contained within paragraph 27 of the Complaint.

28.     FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 28 of the Complaint.

29.     FSS admits that the document identified in paragraph 29 of the Complaint is the best evidence of its contents.  FSS denies all other allegations contained in paragraph 29 of the Complaint.

30. FSS admits that the document identified in paragraph 30 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 30 of the Complaint.

31. FSS admits that the document identified in paragraph 31 of the Complaint is the best evidence of its contents. FSS is without knowledge or information sufficient to form a belief about all other allegations made by Third-Party Plaintiff contained in paragraph 31 of the Complaint.

32. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 32 of the Complaint.

33. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 33 of the Complaint.

34. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 34 of the Complaint.

35. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 35 of the Complaint.

36. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 36 of the Complaint.

37. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 37 of the Complaint.

### ii. Flight Services & Systems

38. FSS denies the allegation that Frontier personnel were not directly involved with the interactions with Plaintiff contained in paragraph 38 of the Complaint. FSS is without

knowledge or information sufficient to form a belief about Third-Party Plaintiff's remaining allegations contained in paragraph 38 of the Complaint.

39. FSS admits Third-Party Plaintiff's allegation contained in paragraph 39 of the Complaint that Third-Party Plaintiff and FSS entered an August 14, 2012 Standard Ground Handling Agreement Simplified Procedure (the "Agreement"). FSS denies Third-Party Plaintiff's interpretation of FSS's contractual duties contained in paragraph 39 of the Complaint. FSS admits that the document identified in paragraph 39 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 39 of the Complaint. .

40. FSS admits that the document identified in paragraph 40 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 40 of the Complaint.

41. FSS admits that the document identified in paragraph 41 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 41 of the Complaint.

42. FSS admits that the document identified in paragraph 42 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 42 of the Complaint.

43. FSS admits that the document identified in paragraph 43 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 43 of the Complaint.

44. FSS admits that the document identified in paragraph 44 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 44 of the

Complaint. As to all other allegations contained in paragraph 44 of the Complaint, FSS is without knowledge or information sufficient to form a belief.

45. FSS denies Third-Party Plaintiff's interpretation of FSS's contractual duties contained in paragraph 45 of the Complaint. FSS admits that the document identified in paragraph 45 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 45 of the Complaint.

46. FSS denies Third-Party Plaintiff's interpretation of FSS's contractual duties contained in paragraph 46 of the Complaint. FSS admits that the document identified in paragraph 46 of the Complaint is the best evidence of its contents. FSS denies all other allegations contained in paragraph 46 of the Complaint.

47. FSS admits that it is a contractor within the definition of the Air Carrier Access Act ("ACAA") as alleged in paragraph 47 of the Complaint.

48. FSS admits that it is a contractor within the definition of the ACAA as alleged in paragraph 48 of the Complaint. FSS denies that the ACAA imposes such a duty on FSS as alleged in paragraph 48 of the Complaint.

49. FSS denies the allegations contained in paragraph 49 of the Complaint.

50. FSS admits that Plaintiff makes such allegations in her Complaint but denies all other allegations contained within paragraph 50 of the Complaint.

51. FSS denies the allegations contained in paragraph 51 of the Complaint.

52. FSS denies the allegations contained in paragraph 52 of the Complaint.

53. FSS admits that the Agreement is the best evidence of its contents. FSS denies all other allegations contained in paragraph 53 of the Complaint.

54. FSS denies the allegations contained in paragraph 54 of the Complaint.

55. FSS denies the allegations contained in paragraph 55 of the Complaint.

56. FSS denies the allegations contained in paragraph 56 of the Complaint.

57. FSS denies the allegations contained in paragraph 57 of the Complaint.

58. FSS denies the allegations contained in paragraph 58 of the Complaint.

59. FSS denies the allegations contained in paragraph 59 of the Complaint.

**F.  FIRST CAUSE OF ACTION AGAINST CITY – BREACH OF CONTRACT**

60. FSS avers that paragraph 60 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 60 of the Complaint.

61. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 61 of the Complaint.

**G.  SECOND CAUSE OF ACTION AGAINST CITY – CONTRACTUAL INDEMNIFICATION**

62. FSS avers that paragraph 62 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 62 of the Complaint.

63. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 63 of the Complaint.

64. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 64 of the Complaint.

**H.  THIRD CAUSE OF ACTION AGAINST CITY – NEGLIGENCE**

65. FSS avers that paragraph 65 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 65 of the Complaint.

66. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 66 of the Complaint.

67. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 67 of the Complaint.

68. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 68 of the Complaint.

69. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 69 of the Complaint.

**I.    FOURTH CAUSE OF ACTION AGAINST CITY – CONTRIBUTION**

70. FSS avers that paragraph 70 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 70 of the Complaint.

71. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 71 of the Complaint.

72. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 72 of the Complaint.

73. FSS is without knowledge or information sufficient to form a belief about Third-Party Plaintiff's allegations contained in paragraph 73 of the Complaint.

**J.    FIRST CAUSE OF ACTION AGAINST FSS – BREACH OF CONTRACT**

74. FSS avers that paragraph 74 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 74 of the Complaint.

75. FSS denies the allegations contained in paragraph 75 of the Complaint.

76. FSS denies the allegations contained in paragraph 76 of the Complaint and further denies that Third-Party Plaintiff is entitled to the relief requested in paragraph 76 of the Complaint.

### K.  SECOND CAUSE OF ACTION AGAINST FSS – CONTRACTUAL INDEMNIFICATION

77. FSS avers that paragraph 77 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 77 of the Complaint.

78. FSS denies the allegations contained in paragraph 78 of the Complaint.

79. FSS denies the allegations contained in paragraph 79 of the Complaint and further denies that Third-Party Plaintiff is entitled to the relief requested in paragraph 79 of the Complaint.

### L.  THIRD CAUSE OF ACTION AGAINST FSS – NEGLIGENCE

80. FSS avers that paragraph 80 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 80 of the Complaint.

81. FSS admits that the Agreement is the best evidence of its contents.  FSS denies all other allegations contained in paragraph 81 of the Complaint.

82. FSS admits that the Agreement is the best evidence of its contents.  FSS denies all other allegations contained in paragraph 82 of the Complaint.

83. FSS denies the allegations contained in paragraph 83 of the Complaint.

84. FSS denies the allegations contained in paragraph 84 of the Complaint.

85. FSS denies the allegations contained in paragraph 85 of the Complaint.

### M.   FOURTH CAUSE OF ACTION AGAINST FSS – CONTRIBUTION

86.     FSS avers that paragraph 86 of the Complaint does not contain any allegations that can be admitted or denied; however, to the extent a response is required, FSS denies the allegations contained in paragraph 86 of the Complaint.

87.     FSS denies the allegations contained in paragraph 87 of the Complaint.

88.     FSS denies the allegations contained in paragraph 88 of the Complaint and further denies that Third-Party Plaintiff is entitled to the relief requested in paragraph 88 of the Complaint.

### N.   THIRD-PARTY PLAINTIFF'S REQUEST FOR RELIEF

FSS denies that Third-Party Plaintiff is entitled to the relief requested in the paragraph beginning "WHEREFORE" of the Complaint.

### O.   AFFIRMATIVE DEFENSES

1.     FSS affirmatively asserts the affirmative defense of estoppel.

2.     FSS affirmatively asserts the affirmative defense of unclean hands.

3.     FSS affirmatively asserts the affirmative defense of consent.

4.     FSS affirmatively asserts the affirmative defense of ratification.

5.     FSS affirmatively asserts the affirmative defense of excuse.

6.     FSS affirmatively asserts the affirmative defense of waiver.

7.     FSS affirmatively asserts that Third-Party Plaintiff failed to state a claim upon which relief may be granted.

8.     FSS affirmatively asserts that Plaintiff and Third-Party Plaintiff failed to exercise that degree of care and caution she should have exercised under the existing circumstances, and the claims presented by Plaintiff and Third-Party Plaintiff are barred or diminished by their own comparative and/or proportionate negligence.

9. FSS affirmatively asserts that no acts or omissions of FSS, nor its agents, representatives or employees, caused legal damages to Plaintiff and/or Third-Party Plaintiff.

10. FSS affirmatively asserts that the alleged occurrence or occurrences giving rise to Plaintiff's claimed damages was or were proximately caused by an intervening or superseding act of others.

11. FSS affirmatively denies that Plaintiff and Third-Party Plaintiff sustained any damages for which FSS is liable.

12. FSS affirmatively asserts that Plaintiff's recovery of reasonable and necessary medical expenses, if any, is limited to the amount that Plaintiff actually paid, rather than incurred, under Texas Civil Practices and Remedies Code Section 41.0105.

13. FSS affirmatively asserts that it did not breach any duty to Plaintiff and/or Third-Party Plaintiff.

14. FSS affirmatively asserts that it seeks contribution in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code against any or all settling person, entities, named parties, or responsible third parties.

15. FSS affirmatively asserts that any claim for economic loss (including loss of earnings, earning capacity, or other pecuniary losses) are governed by the limitations and provisions set forth in the Texas Civil Practice & Remedies Code Section 18.091.

16. FSS affirmatively asserts that Plaintiff has failed to mitigate her damages.

17. FSS affirmatively asserts that the incident complained of in Plaintiff's Complaint was an unavoidable accident or, in the alternative, it was beyond the reasonable control or foreseeability of FSS to prevent.

18. FSS affirmatively asserts that some or all of Plaintiff's damages, if any, are the result of a pre-existing or subsequent injury.

19. To the extent that Plaintiff prays for punitive damages, FSS invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.  FSS affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive and/or exemplary damages can be assessed:

    a) In an amount left to the discretion of the jury and judge;

    b) In assessing such sums, the decision of the jury need only be based on the vote of ten jurors and does not require a unanimous verdict;

    c) In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence or conscious indifference on a "preponderance of the evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

    d) Further, any party or representative thereof who is subject to any award, if any, does not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject their company to the consequences of a default judgment;

    e) The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards,

     limits or other statutory requirements set forth that define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

  f) In essence, FSS is subject to all of the hazards and risks of what in essence amounts to a fine and, in fact, such awards often exceed normal criminal fines, but FSS received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

20. To the extent Plaintiff prays for punitive damages, such request should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article 1, Sections 13 and 19.

21. FSS affirmatively asserts that Plaintiff is not entitled to punitive damages; however, in the alternative, if the court makes an award of punitive damages such an award must not violate FSS's rights to due process by being arbitrary, unjust or grossly excessive. An award of punitive damages must have a reasonable relationship to the harm to Plaintiff and may not constitute an improper taking by attempting to compensate alleged victims not before the court.

22. FSS affirmatively asserts that Plaintiff is not entitled to punitive damages; however, in the alternative, if the court makes an award of punitive damages, Defendant affirmatively asserts that any such award of punitive damages is subject to Texas Civil Practice and Remedies Code Chapter 41 and all caps or limits on the award of punitive damages.

## II. PRAYER

WHEREFORE, Defendant Flight Services & Systems, Inc. requests that Plaintiff nothing by reason of her suit, that the Complaint and Third-Party Plaintiff Frontier Airlines, Inc.'s

Complaint be denied in full with respect to all allegations asserted against FSS, and for such other and further relief to which FSS may be justly entitled.

        Respectfully submitted:

        */s/ Kendall Kelly Hayden*
        Kendall Kelly Hayden
        khayden@cozen.com
        State Bar No. 24046197
        COZEN O'CONNOR
        1717 Main Street, Suite 3100
        Dallas, Texas 75201
        Telephone: (214) 462-3000
        Facsimile: (214) 462-3299

        **ATTORNEYS FOR THIRD-PARTY DEFENDANT FLIGHT SERVICES & SYSTEMS, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above document has been served on all counsel of record according to the Federal Rules of Civil Procedure and Local Rules of this Court, on July 12, 2018.

      Joel A. Levine
      Law Office of Joel A. Levine, PLLC
      1515 W. Koenig Lane, Suite 100
      Austin, Texas 78756
      *Counsel for Plaintiff*

      Patrick J. Comerford
      Smith Robertson, LLP
      221 W. Sixth Street, Suite 1100
      Austin, Texas 78701
      *Counsel for Frontier Airlines*

      Joanna Lippman Salinas
      Fletcher, Farley, Shipman & Salinas, LLP
      1717 W. Sixth Street, Suite 300
      Austin, Texas 78703
      *Attorneys for City of Austin*

      */s/ Kendall Kelly Hayden*
      Kendall Kelly Hayden

LEGAL\37108727\2

Third-Party Defendant Flight Services & Systems, Inc.'s Answer
to Frontier Airlines, Inc.'s Third Amended Third-Party Complaint    Page 16