IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAXINE WHITE | § | |
|    *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| FRONTIER AIRLINES, INC. | § | |
|    *Defendant, Third Party Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 16-CV-01266-LY |
| | § | |
| THE AUSTIN FIRE DEPARTMENT, | § | |
| THE CITY OF AUSTIN AVIATION | § | |
| DEPARTMENT, AUSTIN-BERGSTROM | § | |
| INTERNATIONAL AIRPORT, THE | § | |
| CITY OF AUSTIN, AND HUNTLEIGH | § | |
| USA CORPORATION | § | |
|    *Third Party Defendants.* | § | |

## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and the Court's scheduling order, Plaintiff Maxine White ("Plaintiff") submits her designation of testifying experts and respectfully shows the Court as follows:

The following individuals are specifically designated as potential experts in the trial of this case:

1.    Dr. Paul Le
      Advanced Pain Care
      711 W. 38th Street, Building D4

      Austin, Texas 78705
      Telephone: (512) 244-4272

Dr. Le is expected to testify as to:

    a) the existence, nature and/or extent of the injuries sustained by Plaintiff;
    b) the examination and treatment of the injuries sustained by Plaintiff;
    c) pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;
    d) the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;
    e) recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;
    f) the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;
    g) the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;
    h) medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
    i) medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
    j) the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by her in the subject incident;
    k) all those subject matters contained, discussed or disclosed in:

        i. the medical records of Plaintiff which have been and which may hereafter be produced in this cause;
        ii. any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
        iii. the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and
        iv. all written reports of healthcare providers produced during the course of discovery in this cause.

His opinion will be predicated on his treatment of Plaintiff and professional expertise with regard to Plaintiff's diagnosis, treatment, and impact on her abilities. The facts known to this expert will be based upon his treatment of Plaintiff.

2.         Dr. Adriana Guerra – Inspire Family Health
711 W. 38th Street, Suite G2

Austin, Texas 78705
Telephone: (512) 910-3800

Dr. Guerra is expected to testify as to:

a) the existence, nature and/or extent of the injuries sustained by Plaintiff;
b) the examination and treatment of the injuries sustained by Plaintiff;
c) pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;
d) the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;
e) recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;
f) the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;
g) the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;
h) medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
i) medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
j) the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by her in the subject incident;
k) all those subject matters contained, discussed or disclosed in:

    i. the medical records of Plaintiff which have been and which may hereafter be produced in this cause;
    ii. any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
    iii. the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and
    iv. all written reports of healthcare providers produced during the course of discovery in this cause.

Her opinion will be predicated on her treatment of Plaintiff and professional expertise with regard to Plaintiff's diagnosis, treatment, and impact on her abilities. The facts known to this expert will be based upon her treatment of Plaintiff.

3. Dr. Marcella Madera
Austin Brain and Spine
801 W. 38th Street, Suite 400
Austin, Texas 78705
Telephone: (512) 306-1323

Dr. Madera is expected to testify as to:

a) the existence, nature and/or extent of the injuries sustained by Plaintiff;
b) the examination and treatment of the injuries sustained by Plaintiff;
c) surgical procedures Plaintiff underwent;
d) pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;
e) the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;
f) recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;
g) the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;
h) the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;
i) medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
j) medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
k) the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by her in the subject incident;
l) all those subject matters contained, discussed or disclosed in:

   i. the medical records of Plaintiff which have been and which may hereafter be produced in this cause;
   ii. any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
   iii. the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and

      iv.    all written reports of healthcare providers produced during the course of discovery in this cause.

Her opinion will be predicated on her treatment of Plaintiff and professional expertise with regard to Plaintiff's diagnosis, treatment, and impact on her abilities. The facts known to this expert will be based upon her treatment of Plaintiff.

4.      Dr. William Evans
        EasyCare Clinic
        2400 Cedar Bend Drive
        Austin, Texas 78758
        Telephone: (512) 901-4031

Dr. Evans is expected to testify as to:

a) the existence, nature and/or extent of the injuries sustained by Plaintiff;
b) the examination and treatment of the injuries sustained by Plaintiff;
c) pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;
d) the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;
e) recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;
f) the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;
g) the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;
h) medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
i) medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
j) the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by her in the subject incident;
k) all those subject matters contained, discussed or disclosed in:

      i.    the medical records of Plaintiff which have been and which may hereafter be produced in this cause;

  ii. any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
  iii. the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and
  iv. all written reports of healthcare providers produced during the course of discovery in this cause.

His opinion will be predicated on his treatment of Plaintiff and professional expertise with regard to Plaintiff's diagnosis, treatment, and impact on her abilities. The facts known to this expert will be based upon his treatment of Plaintiff.

  5. Law Office of Joel A. Levine, PLLC
    Joel A. Levine
    1515 W. Koenig Lane
    Austin, Texas 78756
    Telephone: (512) 982-1510

Mr. Levine is expected to testify as to the reasonableness and necessity of attorney's fees and costs incurred by the parties in this matter. His opinion will be predicated on his knowledge of litigation of this nature and experience as a practicing attorney. The facts known to this expert will include all matters involved in handling this case and related litigation. His final opinion will be based in part on the information contained in the legal bills generated during the pendency of this case. Mr. Levine has actual knowledge of the hours worked and the rates at which he and his firm bill.

Plaintiff reserves the right to supplement this designation pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Plaintiff reserves the right to elicit testimony from persons designated and called by other parties to the suit. Plaintiff specifically expresses her intention to possibly call any witnesses of the other parties.

Respectfully submitted,

**LAW OFFICE OF JOEL A. LEVINE, PLLC**

By: /s/ Joel A. Levine
JOEL A. LEVINE
State Bar No. 24065612
1515 W. Koenig Lane, Suite 100
Austin, Texas 78756
Telephone: (512) 982-1510
Facsimile: (512) 367-5928
Email: joel@joelalevine.com

**ATTORNEY FOR PLAINTIFF
MAXINE WHITE**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on this 1st day of February 2019, a true and correct copy of this document was served via the manner provided below:

**Via Email**
Patrick J. Comerford
SMITH | ROBERTSON, LLP
221 West Sixth Street
Austin, Texas 78701
pcomerford@smith-robertson.com
*Attorneys for Defendant and Third-Party Plaintiff, Frontier Airlines, Inc.*

**Via Email**
Joanna Lippman Salinas
FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.
1717 W. 6th Street, Suite 300
Austin, Texas 78703
joanna.salinas@fletcherfarley.com
*Attorneys for Third-Party Defendant, City of Austin*

**Via Email**
Andrew Hepworth
COZEN O'CONNOR, LLP
1717 Main Street, Suite 3100
Dallas, Texas 75201
ahepworth@cozen.com
*Attorneys for Flight Services & Systems, Inc.*

                                                  */s/ Joel A. Levine*_____
                                                  Joel A. Levine