**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MAXINE WHITE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FRONTIER AIRLINES, INC.,** | § | |
| | § | |
| **Defendant/Third Party Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.  A-16-CV-1266-AWA** |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **THE AUSTIN FIRE DEPARTMENT,** | § | |
| **THE  CITY  OF  AUSTIN  AVIATION** | § | |
| **DEPARTMENT,      AUSTIN-BERGSTROM** | § | |
| **INTERNATIONAL  AIRPORT,  THE  CITY** | § | |
| **OF  AUSTIN,  AND  FLIGHT  SERVICES  &** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
| **Third-Party Defendants.** | § | |

<u>**DEFENDANT/THIRD-PARTY PLAINTIFF FRONTIER AIRLINES, INC.'S
MOTION FOR SUMMARY JUDGMENT**</u>

Defendant/Third-Party Plaintiff, Frontier Airlines, Inc. ("Frontier"), pursuant to Rule 56

of the Federal Rules of Civil Procedure, files this Motion for Summary Judgment (the "Summary

Judgment") against the claims of Plaintiff and would respectfully show the Court as follows:

<u>**INTRODUCTION**</u>

Plaintiff brought this personal injury action against Frontier alleging that Plaintiff was

injured while boarding an aircraft owned by Frontier.  Plaintiff's First Amended Complaint (ECF

No. 11) alleges eight causes of action:  1) negligence; 2) negligence per se; 3) negligent training

and  supervision;  4)  vicarious  liability;  5)  infliction  of  bodily  injury;  6)  violation  of  the

Americans with Disabilities Act; 7) violations of Department of Transportation regulations and 8)

violations of the Texas Human Resources Code.

Summary judgment should be granted in favor of Frontier on each of Plaintiff's claims for the following reasons: 1) Plaintiff's negligence claims are pre-empted by the Airline Deregulation Act; 2) the Americans with Disabilities Act ("ADA") does not apply to air travel; 3) Plaintiff's claims for alleged violations of Department of Transportation regulations seek to enforce the Air Carrier Access Act ("ACAA") but there is no private right of action under the ACAA; 4) the failure of Plaintiff's ADA claim also defeats Plaintiff's demand for attorney's fees; 5) the failure of Plaintiff's ADA and ACAA claims also defeats Plaintiff's claim under the Texas Human Resources Code; and 6) the failure of Plaintiff's ACAA claims also defeats Plaintiff's claims for Negligence Per Se.

Viewing Plaintiff's Amended Complaint in a light most favorable to the Plaintiff, the above claims set forth in the Amended Complaint each fail as a matter of law.   Accordingly, Frontier asks this Court to grant it summary judgment on each of Plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's First Amended Complaint (ECF No. 11) claims that Plaintiff was injured when boarding a Frontier flight from Austin, Texas to Denver, Colorado on June 10, 2015.  (ECF No. 11 at ¶¶ 5-11).  Upon checking in at Austin-Bergstrom International Airport ("ABIA"), Plaintiff requested and was provided a wheelchair and a porter.  (Deposition of M. White ("White Dep.") at 100-102).

Plaintiff contends that a gate was not available to board the plane and therefore the passengers were transported by shuttle bus from a ground floor gate to the tarmac and boarded the plane by climbing sixteen stairs to the plane.  (Id. at ¶¶ 7-9).  Plaintiff was transported on the shuttle bus in the wheelchair (White Dep. at pp. 106-107, 110-113.)  Plaintiff contends that, while on the tarmac, she was greeted by City of Austin firemen who loaded her into a "rescue

chair" and carried her up the stairs and onto the plane.  (Exhibit A, hereto, White Dep. at 112).  According to Plaintiff, while being carried up the stairs, the firemen briefly stopped and lowered the rescue chair to the stairs.  (Id. at 125-26)  Plaintiff contends that when the rescue chair made contact with the stair, she experienced a "jolt," which caused her injury.  (Id.).  Plaintiff alleges that she is seeking "monetary relief over $200,000" as well as exemplary damages. (ECF No. 11 at ¶5.)

Frontier removed the case to this Court on December 2, 2016.  The initial scheduling conference was held on April 25, 2017.  The Scheduling Order (ECF No. 10.) provided that any additional parties had to be added by July 21, 2017.

On July, 21, 2017, Frontier filed a Third-Party Complaint against the Austin Fire Department, the City of Austin Aviation Department, ABIA, the City of Austin and Huntleigh UISA Corp.  (ECF No. 12).  The City filed its answer on August 17, 2017.  On September 19, 2017, the Court granted Huntleigh's Motion to Dismiss.  (ECF No. 25).  On June 20, 2018, Frontier filed its Third Amended Third Party Complaint, adding claims against Flight Services & Systems, Inc. ("FSS").

Timothy S. Polgar, Director of Ground Handling Contracts for Frontier Airlines, completed an affidavit in support of the Second Amended Third Party Complaint (ECF No. 39, Exhibit D) in which he established the following:

> Frontier flies to over 60 airports.  At each of those airports, wheelchair services are available to Frontier's customers and are provided by various outside vendors hired by Frontier.  To be clear, Frontier outsources the entirety of wheelchair services to third party vendors and does not, at any airport where it flies, provide any such services directly to its customers … Frontier does not provide any wheelchair services through any of its own personnel.

DEFENDANT/THIRD PARTY PLAINTIFF FRONTIER AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT

## ARGUMENTS AND AUTHORITIES

### I.       Summary Judgment Standard.

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994)).

### II.      Plaintiff's State Law Claims Are Preempted by the Airline Deregulation Act.

The Airline Deregulation Act, 49 U.S.C.App. § 1305(a)(1), preempts state law claims arising out of or relating to an airline's boarding practices, among other claims.  *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (*en banc*) (holding that the term "services," as used in the Airline Deregulation Act, includes "items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to transportation itself."). Here, each of Plaintiff's state law claims (negligence, negligence per se, negligent training and supervision, vicarious liability, infliction of bodily injury, Texas Human Resources Code), relates to boarding procedures and therefore are preempted by the Airline Deregulation Act. Accordingly, each of these claims fail as a matter of law.  The Court should grant Frontier summary judgment on Plaintiff's claims for negligence, negligence per se, negligent training and supervision, vicarious liability, infliction of bodily injury and Texas Human Resources Code.

III.     **Plaintiff's ADA Claims Fail Because the ADA Does Not Apply to Air Travel.**

Plaintiff's purported claim under the Americans with Disabilities Act (the "ADA") fails as a matter of law.  Plaintiff purports to assert a claim for discrimination in a place of public accommodation under 42 USC § 12182(a).  *See* Complaint at ¶¶ 29-31.  However, 42 USC 12181(10) specifically provides that the provision on which Plaintiff relies does not apply to or encompass travel by aircraft.  "The term 'specified public transportation' means transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis."  42 USC 12181(10).  *See Lopez v. Jet Blue Airways*, 662 F. 3d 593, 599 (2nd Cir. 2011) (affirming dismissal of ADA claim).  ) The failure of Plaintiff's ADA claim thereby also defeats Plaintiff's demand for attorney's fees.

IV.     **Plaintiff's ACAA Claims Fail Because There is No Private Right of Action Under the ACAA.**

Plaintiff's purported claim for violations of U.S. Department of Transportation Regulations (Complaint at ¶¶ 32-36) seeks to hold Frontier liable under certain provisions of the Code of Federal Regulations enacted pursuant to the Air Carrier Access Act, 49 U.S.C. §41705 ("ACAA").  This purported claims also fails as a matter of law because "[n]o private right of action exists to enforce the ACAA in district court."  *Stokes v. Southwest Airlines*, 887 F.3d 199, 205 (5th Cir. 2018) (affirming dismissal of claims under ACAA); *Lopez*, 662 F.3d at 598 (same).  Thus, the Court should grant Frontier summary judgment on Plaintiff's purported claim for violations of the CFRs.

## V.   Plaintiff's Texas Human Resources Claim Fails for the Same Reasons as Plaintiff's ADA and ACAA Claims.

Plaintiff also purports to assert a claim against Frontier under Section 121.001 of the Texas Human Resources Code (Complaint at ¶¶ 37-39) by claiming that Frontier's alleged violations of the ADA and the CFRs enacted pursuant to the ACAA somehow also violate the Human Resources Code.   Plaintiff does not plead any independent violation of the Human Resources Code and instead makes such claims depend entirely on the validity of the ADA and ACAA claims.  Thus, for the same reason that the ADA and ACAA claims fail as a matter of law, the purported claim under the Human Resources Code also fails as a matter of law.  Thus, in addition to the fact that the Texas Human Resources Code claim is preempted, the Court should grant Frontier summary judgment on Plaintiff's purported claim under the Human Resources Code.

## CONCLUSION

For the reasons stated herein, Defendant/Third-Party Plaintiff, Frontier Airlines, Inc., respectfully request that the Court grant it summary judgment on each of Plaintiff's claims.

DATED:  March 5, 2019

Respectfully submitted,

By:    /s/ *Patrick J. Comerford*
     Patrick J. Comerford, Esq.
     State Bar No. 24096724

**RIGBY SLACK LAWRENCE BERGER+COMERFORD, PLLC**
6836 Austin Center Boulevard, Suite 100
Austin, Texas  78731
Main: (512) 782-2060
Direct: (512) 782-2064

**ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF, FRONTIER AIRLINES, INC.**

Page 6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joel A. Levine
Law Offices of Joel A. Levine, PLLC
5407 Parkcrest Drive, Suite 300
Austin, Texas 78731


Joanna Lippmann Salinas
Fletcher, Farley, Shipman & Salinas, L.L.P.
1717 West 6th Street, Suite 300
Austin, Texas 78703
Joanna L. Salinas, Esq.


Andrew Hepworth
Cozen O'Connor
1717 Main Street, Suite 3100
Dallas, Texas  75201

Page 7

DEFENDANT/THIRD PARTY PLAINTIFF FRONTIER AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT